ABBOTT v. UNITED STATES.

(Circuit Court, D. Washington, W. D.   January 12, 1895.)

No. 250.

LEASING POST OFFICES—POWERS OF POSTMASTER GENERAL—TERM OF LEASES.
  The power of the postmaster general to lease buildings for post-office use is limited, by Rev. St. § 3732, which regulates contracts and purchases in behalf of the United States, to leases for a period not exceeding that covered by the appropriations of the year in which the contract is made. Nor was this power enlarged, except as specified, by the act of March 3, 1885, which provides that the postmaster general may, "in the disbursement of this appropriation," apply part thereof to leasing post offices of the first, second, and third classes for a term not exceeding five years. Chase v. U. S., 15 Sup. Ct. 174, followed.

This was an action by Twyman O. Abbott against the United States to recover damages for breach of a contract to lease certain rooms for use as a post office.

W. C. Sharpstein and Crowley & Sullivan, for plaintiff.
William H. Brinker and F. C. Robertson, for the United States.

GILBERT, Circuit Judge. The plaintiff brought an action against the United States to recover damages for an alleged breach of contract. He alleges that in 1889, in the city of Tacoma, Wash., the plaintiff, in answer to a published notice calling for proposals to furnish a post-office building at Tacoma, submitted to the postmaster general a proposition to erect a brick building on certain premises belonging to the plaintiff, and to furnish to the government for a post-office building a certain room therein for a term of five years at an annual rental of $1,200, and to furnish at his own expense all the light, fuel, and furniture necessary for the purposes of said post office, and to construct a vault in said room, all in accordance with certain plans therewith submitted; that on or about the 17th day of June, 1889, the postmaster general accepted said proposition, and the plaintiff proceeded to erect said building; and thereafter, on or about the 27th day of December, 1889, the same was occupied by the United States for post-office purposes in pursuance of said contract; that on the 30th day of September, 1890, the building was abandoned by the government, and the post office was removed to other quarters. The damages sued for consist in a small balance claimed to be due for rent during the time the premises were actually occupied as a post office, but principally of certain expenses incurred by the plaintiff in fitting up said building for post-office purposes, constructing the vault therefor, and in making certain alterations in the building in pursuance of the requirements of the post-office department, together with the necessary expense incurred at the time of the abandonment of the building in making alterations necessary to adapt the building to other uses than those for which it had been so especially constructed and fitted. The total damages claimed are $9,500.62.

It is unnecessary to consider all of the defenses that are made to this cause of action. That principally relied upon by the defendant is the denial of the authority of the postmaster general to enter into a contract that would be binding upon the United States for the term of five years, or any greater period than that which was covered by the appropriations of the year in which the contract was entered into. The recent decision of the supreme court in Chase v. U. S. (decided upon the 10th day of December, 1894) 15 Sup. Ct. 174, conclusively sustains this defense. It was there held that section 3732 of the Revised Statutes, providing that "no contract or purchase on behalf of the United States shall be made unless the same is authorized by law, or is under an appropriation adequate to its fulfillment, except in the war and navy departments, for clothing, subsistence, forage, fuel, quarters, or

transportation, which, however, shall not exceed the necessities of the current year," limits the contracting power of the postmaster general to such contracts as may be fully met by the appropriations devoted to such purposes, and that its scope is not enlarged by the law which declares it to be the duty of the postmaster general "to establish post offices"; that the power to establish post offices does not carry with it the power to enter into leases of post-office buildings. That case arose under a contract made by the postmaster general in the year 1870 for the lease of certain premises for post-office purposes for a term of 20 years, which premises were so occupied for 16 years of the term. The court said:

"There is no claim that the lease in question was made under any appropriation whatever, much less one adequate to its fulfillment. So that the only inquiry is whether the contract of lease was 'authorized by law,' within the meaning of the statute relating to contracts or purchases on behalf of the government. * * * While the postmaster general, under the power to establish post offices, may designate the places—that is, the localities—at which the mails are to be received, he cannot bind the United States by any lease or purchase of a building to be used for the purposes of a post office, unless the power to do so is derived from a statute which either expressly or by necessary implication authorizes him to make such lease or purchase."

It is contended by the plaintiff that the postmaster general had the power to make the contract under consideration by virtue of the provisions of the act of March 3, 1885 (23 Stat. 386), where it is provided:

"That the postmaster general may, in the disbursement of this appropriation, apply part thereof to the purpose of leasing premises for use of post offices of the first, second and third classes, at a reasonable annual rental to be paid quarterly for a term not exceeding five years."

The section so quoted is a part of the act making appropriations for the service of the post-office department for the fiscal year ending June 30, 1886. The power of the postmaster general to make contracts of lease is there expressly limited to the "disbursement of this appropriation." It does not confer upon him the general power to make such contracts, nor declare that thereafter he shall have that power, but it provides only that he may exercise that power in connection with the appropriation made for the year referred to. The most that could be claimed for this statute by the plaintiff is that during the year for which the appropriations were made in that act the postmaster general might lawfully enter into contracts beginning with that year and extending into the future for a term of five years in all, and which would be binding upon the government for that period. It is impossible to find in it any authority to enter into a contract of lease in a subsequent year. In making this contract, therefore, in the year 1889, for a period of five years, the postmaster general exceeded the powers conferred upon him by law, and the contract was not binding upon the government. Liability was incurred to the plaintiff only to pay the rental of the post-office premises for the period during which they were occupied for that purpose. For that period the United States has paid all of the rental, save and except $46, and the plaintiff is

. v.66 f.no.4—29

entitled to judgment for that amount, and for costs as allowed (1 Supp. Rev. St. 562, § 15), since the defendant put in issue the plaintiff's right to recover the sum so due.