LEITER ET AL., TRUSTEES, *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 251.  Argued April 19, 1926.—Decided May 10, 1926.

1. A lease to the Government for a term of years, made without
specific authority of law, under an appropriation for but one fiscal
year, is binding on the Government only for that year. Rev.
Stats. § 3732; § 3679, as amended February 27, 1906.  P. 206.
2. To make such a lease binding for any subsequent year, it is
necessary, not only that an appropriation be made available for
the payment of the rent, but that the Government, by its duly
authorized officers, affirmatively continue the lease for such sub-
sequent year; thereby, in effect, by the adoption of the original
lease, making a new lease under the authority of such appropria-
tion for the subsequent year.  P. 207.
59 Ct. Cls. 907, affirmed.

APPEAL from a judgment of the Court of Claims dis-
missing, on demurrer, a petition to recover rentals under
leases to the United States.

Mr. *Christopher B. Garnett* for appellants.

Solicitor General *Mitchell* and Assistant Attorney Gen-
eral *Galloway* were on the brief for the United States.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This action was brought by the trustees of the Levi Z. Leiter estate, under the Tucker Act,[1] to recover rentals under four leases to the United States. The petition was dismissed, on demurrer, for failure to state a cause of action. 59 Ct. Cls. 907. The appeal was taken in January, 1925.

The leases, which were for space in an office building, were made by the trustees and the Treasury Department, in 1920 and 1921, for terms of four and five years, for the use of the Bureau of War Risk Insurance and other federal agencies that were subsequently merged, in August, 1921, in the Veterans' Bureau.[2] The leases provided for stipulated annual rentals, to be paid in monthly installments. At the time they were made, however, there were no appropriations available for the payment of the rent after the first fiscal year during the term of each lease; and each provided that the term of occupancy should extend to June 30, 1925, "contingent upon" the making available by Congress of appropriations out of which the rent might be paid after the current fiscal year; and that, if such appropriation was not made for any fiscal year, the lease should terminate as of June 30 of the year for which an appropriation was last available.

On May 29, 1922,—before any appropriation had been made out of which the rent could be paid for the next fiscal year—the Director of the Veterans' Bureau gave written notice to the trustees that the premises described in the leases would be "vacated, relinquished and returned" to them on June 30. On June 1 the trustees wrote to the Bureau denying the right of the Government to terminate the leases, and stating that the surrender

---

[1] 24 Stat. 505, c. 359; Jud. Code § 145.

[2] Act of August 9, 1921, c. 57, 42 Stat. 147.

would not be accepted and claim would be made against the Government for their full period, whether the premises were occupied or not. By an Act of June 12, 1922,[3] a lump sum appropriation was made for the expenses of the Bureau, including rentals, for the next fiscal year, commencing July 1. On June 30, however, the Bureau vacated the premises in accordance with its previous notice. All rentals due to and including that date were duly paid. Thereafter, the trustees, being unable to re-lease the premises, presented to the Bureau bills for the rentals for July and succeeding months, the payment of which was refused; and these claims were also disallowed by the Comptroller General. The trustees thereafter instituted the present action to recover the rent claimed to be due from July 1, 1922 to June 30, 1923, inclusive.

We are of opinion that the demurrer to the petition was rightly sustained.

Section 3732 of the Revised Statutes provides, with certain exceptions not here material, that: " No contract or purchase on behalf of the United States shall be made unless the same is authorized by law or is under an appropriation adequate to its fulfillment. . . ." And § 3679 of the Revised Statutes, as amended by the Act of February 27, 1906, c. 510,[4] provides that "No Executive Department or other Government establishment of the United States shall expend, in any one fiscal year, any sum in excess of appropriations made by Congress for that fiscal year, or involve the Government in any contract or other obligation for the future payment of money in excess of such appropriations unless such contract or obligation is authorized by law."

It is not alleged or claimed that these leases were made under any specific authority of law. And since at the

---

[3] 42 Stat. 635, 648, c. 218.     [4] 34 Stat. 27, 48.

time they were made there was no appropriation available for the payment of rent after the first fiscal year, it is clear that in so far as their terms extended beyond that year they were in violation of the express provisions of the Revised Statutes; and, being to that extent executed without authority of law, they created no binding obligation against the United States after the first year. See *Chase* v. *United States,* 155 U. S. 489, 502, 503; *Sutton* v. *United States,* 256 U. S. 575, 579; *United States* v. *Doullut* (C. C. A.), 213 Fed. 729, 737; and *Abbott* v. *United States* (C. C.), 66 Fed. 447, 448. A lease to the Government for a term of years, when entered into under an appropriation available for but one fiscal year, is binding on the Government only for that year. *McCollum* v. *United States,* 17 Ct. Cls. 92, 104; *Smoot* v. *United States,* 38 Ct. Cls. 418, 427. And it is plain that, to make it binding for any subsequent year, it is necessary, not only that an appropriation be made available for the payment of the rent, but that the Government, by its duly authorized officers, affirmatively continue the lease for such subsequent year; thereby, in effect, by the adoption of the original lease, making a new lease under the authority of such appropriation for the subsequent year. This conclusion is in entire accord with *Bradley* v. *United States,* 98 U. S. 104, 114, 115. There, a building having been leased to the Post Office Department for three years at a stipulated annual rental of $4,200, subject to an appropriation by Congress for payment of the rental, and Congress, before the expiration of the second year, having made a specific appropriation of $1,800 only for the payment of rent for the third year, and the Department having continued to occupy the building for the third year, it was held the lessor could recover only the amount thus specifically appropriated for the occupancy of the building during the third year, and not the full amount of the rent stipulated in the lease.

In the present case, in accordance with the notice of the Veterans' Bureau that it would surrender the premises on June 30, 1922, the Government did not occupy the premises after that date. That is, although a lump sum appropriation had meanwhile been made for the rental expenses of the Veterans' Bureau for the next fiscal year—in which no reference was made to these specific leases—the leases were not continued under this appropriation for the next year, either by a specific agreement to that effect or by the occupation of the premises. So, the Government did not become liable for the payment of rent after the surrender of the premises.

The judgment of the Court of Claims is

*Affirmed.*