# GOODYEAR TIRE ,& RUBBER COMPANY *v.* UNITED STATES.

### CERTIORARI TO THE COURT OF CLAIMS.

No. 159.   Argued January 10, 1928.—Decided March 12, 1928.

1. A lease to the United States for a term of years, made without any specific authority of law, and entered into when there was no appropriation available for the payment of rent after the first fiscal year, does not bind the Government after that year. Rev. Stats. §§ 3732, 3679. *Leiter* v. *United States,* 271 U. S. 204. P. 291.

2. To make such a lease binding for any subsequent year, it is necessary, not only that an appropriation be made available for the payment of the rent, but that the Government, by its duly authorized officers, affirmatively continue the lease for such subsequent year; thereby, in effect, by the adoption of the original lease, making a new lease under the authority of such appropriation for the subsequent year. P. 292.

3. Holding over by government officials after the fiscal year, accompanied by a manifestation of their intention not to bind the United States to pay rent beyond the period of actual occupancy, will not work a renewal for the whole of the ensuing fiscal year even where there is an appropriation covering rent for that year, and although, under the state law a private lessee holding over would be bound to a year's renewal by legal implication regardless of his intention. P. 292.

4. The right to sue the United States under the Tucker Act on a claim founded on contract, must rest upon an express contract or one implied in fact; the Act gives no right of action in a case where, if the transaction were between private parties, a recovery could be had upon a contract implied in law. P. 293.

62 Ct. Cls. 370, affirmed.

CERTIORARI, 273 U. S. 692, to a judgment of the Court of Claims dismissing on demurrer a suit to recover rent.

Mr. Spencer Gordon, with whom Mr. Dean Acheson was on the brief, for petitioner.

The attempted lease for five years subject to appropriations each year resulted in a lease for one year with option on the part of the United States to renew. McCollum v. United States, 17 Ct. Cls. 92; Smoot v. United States, 38 Ct. Cls. 318. Prior to June 30, 1923, the United States was therefore in possession under an existing lease.

As a tenant of Ohio property the United States was subject to the laws of Ohio. United States v. Bostwick, 94 U. S. 53; Clifford v. United States, 34 Ct. Cls. 223; Conn. Mut. Life Ins. Co. v. United States, 21 Ct. Cls. 195; Spoffard v. United States, 32 Ct. Cls. 452; Blair v. United States, 53 Ct. Cls. 457.

Under the common law of Ohio, where rent is reserved annually, and the tenant holds over and states that he does not intend to be bound for another year but the landlord states that he intends to hold the tenant for another year, the tenant is held for the entire succeeding year. Strong v. Schmidt, 8 Cir. Dec. 551; Rosenbaum v. Pendleton, 9 O. D. 642; Kerruish v. Cleveland, etc., Brewing Co., 17 Oh. C. C. (N. S.) 449.

There is nothing in the federal statutes or decisions which prevents this rule from applying in the present case. In order to hold the United States there need only be (1) authority to bind the United States for the ensuing year, (2) an act by the authorized officers. Leiter v. United States, 271 U. S. 204.

It was not necessary that the government officials enter into an express written contract in order to bind the United States. So long as there was an appropriation available they could bind the United States by doing the

thing that the law of Ohio provided would make the tenant liable for another year, that is, by holding over.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Solicitor General Mitchell, Assistant Attorney General Galloway,* and *Messrs. James J. Lenihan* and *John E. Hoover,* Attorneys in the Department of Justice, were on the brief, for the United States.

There was no express contract in this case binding the United States to pay rent for the full year ending June 30, 1924. On the contrary, the United States, at the time of the expiration of the original term, expressly rejected the proposition that it would become liable for the additional term of one year. The question remains whether there was an implied contract within the meaning of the jurisdictional statute relating to the Court of Claims. An implied contract must be one implied in fact and not by operation of law. *Tempel* v. *United States,* 248 U. S. 121; *Ball Engineering Co.* v. *White & Co.,* 250 U. S. 46; *Horstmann Co.* v. *United States,* 257 U. S. 138; *Klebe Co.* v. *United States,* 263 U. S. 188.

If the tenant holds over after the expiration of his term without anything being said by him or his landlord respecting the nature of the resulting obligation, a contract for the additional term may be one implied in fact, on the theory that the situation and conduct of the parties shows a real intention that the tenant shall become a tenant for an additional term of one year; but this can not be so where the tenant at or before the time when the holding over commences expressly declares to his landlord that he intends to be bound only for the length of time he remains in possession. 2 Tiffany, Landlord & Tenant, 1472. See also *Clinton Co.* v. *Gardner* 99 Ill. 151; *Herter* v. *Mullen,* 159 N. Y. 28.

The law of landlord and tenant in the State of Ohio is not a subject inviting attention from this Court. In

318°—28——19

most states of the Union statutes have been enacted which would prevent any such question as is here presented from arising in cases of leases to the United States and which prescribe that in a case of holding over, where the creation of a tenancy at will has resulted, notice to quit is sufficient if given for thirty or sixty days. See *Leavitt* v. *Maykel,* 203 Mass. 506.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The Goodyear Company brought this action under the Tucker Act,[1] to recover rent claimed under a lease to the United States. The petition was dismissed, on demurrer, for failure to state a cause of action. 62 Ct. Cls. 370.

The facts alleged were these: In October, 1921, the predecessor of the Goodyear Company leased to the United States, for the use of the Veterans' Bureau, certain premises in Cincinnati, Ohio, for a term ending June 30, 1926, at a stipulated annual rental payable in monthly instalments. No appropriation was then available for payment of the rent after the first fiscal year, ending June 30, 1922;[2] and the lease provided that if an appropriation was not made under which the rent for any succeeding fiscal year might be paid, it should automatically terminate as of June 30 of the year for which an appropriation was last available.

The lessor assigned and transferred the lease to the Goodyear Company in January, 1922. In June an appropriation was made, available for the fiscal year ending June 30, 1923; and the lease was by agreement " renewed " for that year. In February, 1923, an appropriation was

---

[1] 24 Stat. 505, c. 359; Jud. Code, § 145, U. S. C., Tit. 28, § 250.

[2] The fiscal years begin on July 1st of each year and terminate on June 30th of the next year.

made, available for the fiscal year ending June 30, 1924. Before June 30, 1923, the officials of the Veterans' Bureau informed the Company that the United States would give up the occupancy of the premises as of that date. " When June 30, 1923, arrived "—as the petition alleged—" the officials of the Veterans' Bureau desired to occupy the premises beyond that date, and possession was continued by the United States into the following fiscal year, the officials of the Veterans' Bureau then stating that there was no intention on the part of the United States to pay rent for any longer time than the actual period of occupancy, and the officials of the claimant company stating that it was their contention that . . . even if the original lease was not binding beyond June 30, 1923, nevertheless if the United States remained longer than June 30, 1923, it would at least be liable for the stipulated rent for the year ending June 30, 1924, under the laws of the State of Ohio by reason of holding over." The United States continued in possession to December 20, 1923, when it vacated the premises. The rent was paid to December 31, 1923.

The Company claimed that " by reason of holding over " the United States was bound for the entire fiscal year ending June 30, 1924, and liable for the unpaid rental to that date.[3]

In *Leiter* v. *United States,* 271 U. S. 204, 207, we held that a lease to the United States for a term of years, made without any specific authority of law and entered into when there was no appropriation available for the payment of rent after the first fiscal year, in so far as its terms extend beyond that year, violates the express provisions

---

[3] This claim had been rejected by the Comptroller General. 5 Gen. Comp. 172. An alternative claim presented by the petition that the United States was bound by the original lease for the full term to June 30, 1926, was abandoned before the hearing.

of Sections 3732 and 3679 of the Revised Statutes [4] and creates no binding obligation on the Government after that year; and that " to make it binding for any subsequent year, it is necessary, not only that an appropriation be made available for the payment of the rent, but that the Government, by its duly authorized officers, affirmatively continue the lease for such subsequent year; thereby, in effect, by the adoption of the original lease, making a new lease under the authority of such appropriation for the subsequent year."

The Company contends " that since there was a Federal appropriation before June 30, 1923, pursuant to which the lease might have been extended to June 30, 1924, and since by the common law of Ohio, where the land was, such a holding over on June 30, 1923, would have created a tenancy to June 30, 1924, as between individuals, the United States became bound for the year by the act of holding over coupled with the authority to lease the property contained in the appropriation act."

We cannot sustain this contention. In order to bind the Government for the fiscal year ending June 30, 1924, it was necessary, as held in the *Leiter* case, that after the available appropriation had been made, the Government should affirmatively continue the lease for that year, that is, in effect, make a new lease for the year under the authority of such appropriation. This it did

---

[4] Sec. 3732 provides that " No contract . . . on behalf of the United States shall be made, unless the same is authorized by law or is under an appropriation adequate to its fulfillment. . . ." Sec. 3679, as amended in 1906, provides that " No Executive Department or other Government establishment of the United States shall expend, in any one fiscal year, any sum in excess of appropriations made by Congress for that fiscal year, or involve the Government in any contract or other obligation for the future payment of money in excess of such appropriations unless such contract or obligation is authorized by law."

not do, either expressly or impliedly. On the contrary, the notice given by the officials of the Veterans' Bureau to the Company, before holding over, that the Government did not intend to pay rent beyond the actual period of occupancy, negatived any intention to continue the lease for the entire year, and left no basis for inferring an agreement to continue it after the Bureau should cease to occupy the premises. It is immaterial that under the common law in Ohio as applied between private parties, a lessee holding over after the expiration of his lease is held, at the option of the lessor, to be bound for another year, under an agreement implied in law, regardless of his actual intention, *Railroad Co.* v. *West,* 57 Ohio St. 161, 165, 168; *Bumiller* v. *Walker,* 95 Ohio St. 344, 349. Not having affirmatively continued the lease beyond the actual period of occupancy, the Government cannot, under the doctrine of the *Leiter* case, be bound for a longer term.

Furthermore, independently of that doctrine, the right here invoked to sue the United States under the Tucker Act on a claim founded on contract—as this is—must rest upon the existence of a contract express or implied in fact, no right of action being given by the Act in cases where, if the transaction were between private parties, recovery could be had upon a contract implied in law. *Sutton* v. *United States,* 256 U. S. 575, 581; *Merritt* v. *United States,* 267 U. S. 338, 341; *United States* v. *Minn. Investment Co.,* 271 U. S. 212, 217. And see *Balt. & Ohio R. R.* v. *United States,* 261 U. S. 592, 597.

The judgment is

*Affirmed.*

---

MR. JUSTICE HOLMES.

There was no adverse holding in this case. The United States admitted that it occupied the premises under a

contract as lessee until June 30, 1923. One consequence of this contract by the law that governed it and by the stipulation of the lessor was that if the lessee held over he held over for a year. I do not see how the United States could accept the contract and repudiate the consequence, or accept the permission of the lessor to continue in possession upon the express condition that it be bound for a year and repudiate the condition, except in the event of there being no appropriation in which case the paramount law of the United States would prevail. There was an appropriation here and therefore there was nothing to hinder the United States being bound until June 30, 1924, except the statement of the agents that it did not mean to be, which seems to me merely the statement that it did not mean to accept the legal consequence of its act.

MR. JUSTICE SUTHERLAND and MR. JUSTICE STONE concur in this opinion.