Whaley, Chief Justice,
delivered the opinion of the court: The allegations of the complaint show that on September 15, 1929, Colonel Dennis P. Quinlan, allegedly representing the President of the United States in the matter of coordinating the activities of the Federal agencies in Los Ange-les, California, negotiated with the plaintiff for the occupancy by the Federal Government of plaintiff’s building in Los Angeles for a period of not less than five years for the purpose of housing thirteen agencies doing business in that city at an agreed rental, such occupancy to commence on July 1, 1930, by each of such agencies; that the agencies concerned, through their local representative, submitted plans for alterations for the said building to suit their particular needs; that Colonel Quinlan requested plaintiff to lease its building to the United States Government for the purposes mentioned and that plaintiff consented to do so; that plaintiff made extensive alterations, including that portion of the building to be occupied by the Internal Eevenue Department; that twelve of the agencies entered into leases with plaintiff commencing on June 30, 1930, for a period of one year, renewable from year to year at the option of the United States Government until and including the year 1935; that eight days before the time for acceptance by the Internal Eevenue Department of the space reserved for it in plaintiff’s building, the Internal Eevenue Department refused to execute the lease, to move into the building or use the space reserved by it and has not occupied such space but, on the other hand, obtained other quarters in Los *3 Angeles; that by reason of the loss of rental which plaintiff expected to obtain from the Internal Revenue Department it was required to go into a receivership and lost its building and lands by foreclosure proceedings; and that it is damaged in the amount of $2,008,353.19.
Plaintiff filed its petition on October 10, 1938, and on November 15,1938, defendant interposed a demurrer alleging several grounds on which the complaint should be dismissed. We do not think it necessary to discuss the several grounds mentioned in the demurrer for the reason that there appears an insuperable bar for recovery on the face of the complaint.
It will be seen that the contract on which plaintiff brings this action was for the rental of the space to be occupied by the Internal Revenue Department commencing on July 1, 1930. Before the first of July, the Internal Revenue Department notified plaintiff that it would not occupy the premises. A breach of the contract occurred at that time and plaintiff had a cause of action for the rent as it accrued. However, plaintiff also had an option to delay the commencement of a suit until a full year’s rent had been earned and upon the failure to make payment a cause of action accrued. Under the provisions of Sec. 156 of the Judicial Code (36 Stat. 1139) there is a limitation of six years in which to bring a suit after the claim accrues. Plaintiff has delayed to bring suit for more than six years and therefore the cause of action is barred and no recovery can be had.
Plaintiff claims that it had six years from the five-year period for which the lease had been made. Under Sec. 3132 and 3679 of the Revised Statutes, 34 Stat. 255; 34 Stat. 48, no contract for the rental of property can be entered into by the Government for more than one year and when a contract is made for a longer term of years, an option has to be exercised before the beginning of the next fiscal year. In Reed Smoot v. United States, 38 C. Cls. 418, 427, in construing the above sections of the Revised Statutes, the court held that—
The provisions of the sections clearly limit the liability of the Government by the appropriations made for each fiscal year, and the contract of the kind embraced in this proceeding is impressed with the limitations of those sections.
*4 In Leiter v. United States, 271 U. S. 204, 207, court held that—
A lease to the Government for a term of years, when entered into under an appropriation available for but one fiscal year, is binding on the Government only for that year. McCollum v. United States, 17 Ct. Cls. 92, 104; Smoot v. United States, 38 Ct. Cls. 418, 427. And it is plain that, to make it binding for any subsequent year, it is necessary, not only that an appropriation be made available for the payment of the rent, but that the Government, by its duly authorized officers, affirmatively continue the lease for such subsequent year; thereby, in effect, by the adoption of the original lease, making a new lease under the authority of such appropriation for the subsequent year.
The demurrer is sustained and the petition is dismissed. It is so ordered.
Williams, Judge; Littleton-, Judge; and Green, Judge, .-concur.
Whitaker, Judge, took no part in the decision of this case.