Madden, Judge,
delivered the opinion of the court:
The defendant, being in occupation as lessee of plaintiff’s premises in Newark, N. J., as quarters for its United States *702 District Judges and other officers and attendants of the District Court, became aware that the new Federal Building in Newark would not be completed for occupancy by June 30, 1934, on which date its lease expired. On February 19, 1934, the defendant’s agent initiated a correspondence with plaintiff looking toward the retention of the quarters until the Federal Building should be completed. Plaintiff’s letter of April 2, quoted in finding 5, and defendant’s reply of April 7, quoted in finding 6, show the intention of the parties. It was that the defendant should be bound to pay the rent for six months, i. e., to December 31, 1934; that thereafter it could remain, at its option, on a monthly basis, until April 30,1935, and that it should, if it left the premises before April 30, 1935, give thirty days’ notice in order to escape paying further rent. Since both parties contemplated that the occasion for the defendant’s leaving the premises would be the completion of the new Federal Building, they intended that the thirty days’ notice should be given when that completion should make it possible for the defendant to move. It would, of course, have been permissible for the defendant to vacate during the January to April period on thirty days’ notice for any reason, but the one reason was the only one that the parties really thought of. Both intended that the occupancy should terminate not later than April 30, 1935.
The lease was then drawn on the defendant’s standard lease form and it contained, after the definite six months term to December 31, 1934, the paragraph, which is quoted in finding 8, relating to the right to renew the lease. The statement that the lease was renewable “from month to month” by the defendant must have, in the circumstances, meant that the notice incident to a tenancy from month to month was contemplated. The language is susceptible of that meaning, Hanks v. Workmaster, 75 N. J. L. 73; Decker v. Hartshorne, 65 N. J. L. 87, and if it does not receive it, an important term of the lease, suggested first by the defendant, later requested by plaintiff, and agreed to by the defendant just before the lease was executed, was inexplicably aban *703 doned. We have no doubt that, if the Federal Building had been completed, for example, in February, 1935, the defendant could not have escaped paying rent to plaintiff except by giving thirty days’ notice.
April 30, 1935, the date of the termination of the lease, passed, and the defendant did not move then, nor until March 31, 1936. It paid the rent as before, which was received without comment. On March 31, 1936, the defendant moved from the premises without giving notice in advance. Plaintiff, claiming that it was entitled to thirty days’ notice, sues for the rent for the month of April 1936.
The defendant urges that its remaining in the premises after April 30,1935, and paying rent which was received by plaintiff without comment extended the previous lease, under which the defendant urges it was not obliged to give any notice. Plaintiff contends that, under the previous lease, it was entitled to notice and was similarly entitled under an extension of the lease. Plaintiff further contends that, whether or not it was entitled to notice under the previous lease, the defendant became a hold-over tenant after April 30, 1935, and as such was obliged to give a month’s notice before it could escape liability for rent. The defendant’s reply to the latter contention is that, conceding that a private tenant holding over would be so obligated, the obligation is one imposed by law rather than by contract, hence the defendant, in the statute prescribing the jurisdiction of this court, U. S. Code, Tit. 28, sec. 250, has not consented to be sued upon it.
We agree with the defendant that its obligation after April 30, 1935, was the same as before. However, as we have indicated above, we think that its obligation before that date was to give thirty days’ notice. We also think that the defendant’s obligation after April 30 was contractual within the meaning of our jurisdictional act. If one person occupies the property of another for a period under an express agreement as to the terms of his occupancy, and, after the end of the period he continues to occupy without any indication that he contemplates a change in terms, and *704 if the other accepts rent, thus consenting to continued occupancy, and without indicating that he contemplates a change in terms, their continued relation is consensual. They have,, as plainly as if they had put it into words, shown their mutual willingness to continue the existing arrangement. The fact that legal doctrines relating to landlords and tenants would, or might, impose the same legal obligations upon them if they acted as they did, even though they expressed an unwillingness to become so obligated, does not keep their transaction from being treated, for any material purpose, as consensual if it is consensual in fact. It is not an unusual situation in the law for the legal consequences of two similar courses of conduct to be the same, for most purposes, though in one case both parties intended the consequences, and in the other, one of the parties hoped to escape-these and all other legal consequences. The familiar procedure of waiving the tort and suing in assumpsit is in point-But the fact that if there were a tort, it could be waived,, and a suit in the nature of a contract action could be brought,, does not require the court to treat the situation as if there-were a tort when there is none, or as if there were no contract, when there is one.
The question of whether a hold-over tenant, under other circumstances, could be sued in this court becomes, then, immaterial, and a case such as that of Goodyear Tire & Rubber Co. v. United States, 276 U. S. 287 (62 C. Cls. 270; 66 C. Cls. 764), where the defendant at the beginning of the hold-over period expressly repudiated the obligation which the plaintiif there contended it had become subject to, is not in point.
We conclude that - plaintiff is entitled to recover $1,500. It is so ordered.
Jones, Judge; Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.