354 So.2d 81 (1977)
Bill G. CARTEE, Payne H. Midyette, Jr., J. Lewis Hall, Jr., Ryals E. Lee, William M. Morgan, and T. Edwin Chason, D/B/a Winewood Investments, a Florida General Partnership, Appellants,
v.
The FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. FF-316.
District Court of Appeal of Florida, First District.
December 20, 1977.
Rehearing Denied February 7, 1978.
*82 W. Dexter Douglass of Douglass & Powell, Tallahassee, for appellants.
Robert L. Shevin, Atty. Gen., Sydney H. McKenzie, III, and David K. Miller, Asst. Attys. Gen., for appellee.
ERVIN, Judge.
Winewood Investments appeals an order granting motion to dismiss its amended complaint for failure to state a cause of action. Winewood began discussions with then HRS Secretary O.J. Keller concerning expansion of HRS' tenancy at the Winewood Office Park. These discussions are evidenced by a letter of intent to lease two buildings sent by Keller to Winewood in June, 1974, and a lease signed in August, 1974. Paragraph XVIII of the lease agreement specifically provided in part: "The obligations of the lessee under this lease agreement are subject to the availability of funds lawfully appropriated annually for its purposes by the Legislature of the State of Florida." In a letter of understanding supplementing the lease, it was stated:
"1. The provision ... is interpreted as meaning that funds are available only to the extent that funds now available to the Department from the Legislature for lease purposes are increased beyond amount needed for increase of existing leases, such increase being funds available for the lease on Buildings 9 and 10."
Winewood alleges it relied on this commitment in obtaining financing for the building construction; that HRS was responsible for submitting staffing patterns and other data to the Department of General Services for its approval, and to include in its yearly proposed budget a request for the space and funding called for by the lease. Winewood also alleges it was induced to construct the building on the basis of HRS' request and relied on HRS' good faith duty to fulfill its own requirements. Only a small fraction of the space under the proposed lease was included in the HRS budget proposal to the legislature. By March, 1975, it was apparent HRS would be unable to occupy the building, but Winewood continued construction in the belief an arrangement with other agencies of the state could be worked out. This was unsuccessful and at the time amended complaint was filed the office building was empty and in immediate danger of foreclosure.
Count I of the amended complaint alleges the lease is a valid obligation between the parties and was breached by HRS due to its non-performance. Count II alleges an agreement to lease, and a refusal by HRS to make a proper lease in breach of that agreement. Count III alleges the breach of HRS' duties not to frustrate the conditions precedent constitutes an independent cause of action for breach of contract, a bilateral contract between the parties being implied in fact.
Although worded differently in the three counts, the complaint states a cause of action for breach of the leasing agreement *83 between the parties. The agreement is alleged; HRS' breach of the contract is alleged due to HRS' failure to seek DGS approval and legislative funding. Resulting damages are properly alleged.
HRS responds the representations and expressions of intent by its officials cannot operate to bind the legislature and that Winewood's construction of the building was not done in reasonable reliance upon such representations. HRS buttresses its argument by asking that we notice two factors: First, the 1975 session of the legislature was preoccupied with a shortage of state revenue caused by the recession, and second, HRS was reorganized and dispersed by Chapters 75-48, 75-49 and 75-280, Laws of Florida (1975). Such matters, however, are in the nature of defenses to the complaint. We cannot at this stage state as a matter of law HRS was justified in not pursuing its duties under the agreement to lease. Nor can we say as a matter of law Winewood was not justified in relying upon HRS to procure funding. Finally, we cannot say as a matter of law Winewood's damages were not caused by the failure of HRS to actively seek those funds.
We repeat the usual appellate caveat: This opinion should not be taken as a comment upon the merits. We hold only a cause of action has been stated for breach of contract.
We have considered Counts IV, V and VI of the amended complaint and find the trial judge committed no error in dismissing those counts with prejudice.
The final judgment is AFFIRMED in part, REVERSED in part and REMANDED for further proceedings not inconsistent with this opinion.
BOYER, Acting C.J., and MILLS, J., concur.

ON PETITION FOR REHEARING
ERVIN, Judge.
Appellees in their petition for rehearing rely upon Section 216.311, Florida Statutes (1975), prohibiting any agency of the state from entering into an agreement to spend any monies in excess of the amount appropriated to the agency unless specifically authorized by law, and providing that any agreement in violation of the Section is void. Appellee also cites certain United States Supreme Court opinions, Chase v. United States, 155 U.S. 489, 15 S.Ct. 174, 39 L.Ed. 234 (1894); Leiter v. United States, 271 U.S. 204, 46 S.Ct. 477, 70 L.Ed. 906 (1926) and Goodyear Tire and Rubber Co. v. United States, 276 U.S. 287, 48 S.Ct. 306, 72 L.Ed. 575 (1928), which construed a statute of Congress similar to Section 216.311, and held any purported lease without an appropriation was void and no action could be maintained thereon. Appellee did not argue in its brief, nor in oral argument, these additional authorities which were for the first time relied on in its petition for rehearing. We will not entertain them now. Fla.App.R. 3.14b. Cf. Pricewise Buying Group v. Nuzum, 343 So.2d 115, 117 (Fla. 1st DCA 1977).
The petition for rehearing is DENIED.
MILLS, J., concurs.
BOYER, Acting C.J., concurring specially.
BOYER, Acting Chief Judge, concurring specially.
I concur in denial of the petition for rehearing but not because appellee failed to raise certain authorities or arguments, now belatedly presented, in its brief. I am simply of the view, that even considering those authorities and arguments, our original opinion is correct.