**PACIFICORP CAPITAL, INC. and Lanier Business Products, Inc.**

v.

**The UNITED STATES.**

No. 425–87C.

United States Claims Court.

Oct. 31, 1988.

---

Michael E. Geltner, Washington, D.C., for plaintiffs.

Carolyn E. Galbreath, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

## OPINION

MARGOLIS, Judge.

In this contracts case, plaintiffs Pacificorp Capital, Inc. (Pacificorp) and Lanier Business Products, Inc. (Lanier) seek $77,746.98 plus interest, costs, and attorney's fees, for alleged breaches of federal lease to ownership plan (FLTOP) contracts that Lanier entered into with four government agencies: the United States Bureau of Prisons (BOP); the Federal Aviation Administration (FAA); the Veterans Administration (VA); and the United States Secret Service. The case is before the court on defendant's motion for summary judgment. After a careful review of the record, and after hearing oral argument, the defendant's motion is granted as to the Secret Service claim, and the motion is denied as to the BOP, the FAA, and the VA claims.

## FACTS

Plaintiff Lanier is a manufacturer and vendor of automatic data processing equipment (ADPE) which leases ADPE to government agencies. Plaintiff Pacificorp is a financing institution that financed some of Lanier's FLTOP contracts for ADPE. Pacificorp, which had previously done business as Government Systems Advisors, Inc. (GSAI), would finance this type of transaction by paying the manufacturer-vendor (Lanier) the purchase price of the equipment in return for receiving the lessee's monthly payments.

This case involves the leasing by four federal agencies of ADPE pursuant to a General Services Administration (GSA) schedule contract for fiscal year (FY) 1986. The equipment was leased under a 36 month FLTOP, meaning that the government would own the equipment after making payments over a 36 month period. All four transactions were governed by the FLTOP provisions of the FY 1986 GSA schedule contract for Lanier ADPE.

The Bureau of Prisons, Southeast Regional Office, Atlanta, Georgia, issued purchase orders on October 1, 1985 for Lanier ADPE. The purchase orders converted FY 1985 delivery orders for rental of Lanier

equipment into purchase orders under the FLTOP provisions of the FY 1986 GSA schedule contract. However, on September 24, 1986, David Nelson, Contract Specialist for the BOP, notified Lanier that the BOP would not exercise its option to renew the contract beyond October 31, 1986. Lanier then submitted a claim on November 10, 1986 to the BOP's contracting officer for $11,866, the amount that would have been due had payments been made for the full 36 month term of the FLTOP. Lanier claimed that the contract obligated the BOP to renew the contract for the full 36 months of the FLTOP as long as funding was available. The contracting officer denied Lanier's claim on February 5, 1987.

The Federal Aviation Administration, Southwest Region, Fort Worth, Texas, issued a delivery order on November 1, 1985 for Lanier ADPE based on the GSA schedule contract for FY 1986 under the terms of the FLTOP. The delivery order indicated that it was effective from November 1, 1985 through September 30, 1986 (the end of the fiscal year). On September 19, 1986, the FAA notified Lanier that it would not renew the contract for FY 1987. On November 10, 1986, Lanier submitted a claim to the FAA contracting officer for $41,110.98 for the same reasons as in the BOP claim. The claim was denied on January 6, 1987.

The Veteran's Administration, Washington, D.C., issued a purchase order on May 12, 1986 for Lanier ADPE based on the FY 1986 GSA schedule contract under FLTOP terms. The VA obtained the equipment for the use of Dr. Richard Parker. When Dr. Parker left the VA, the equipment was no longer necessary. Accordingly, on July 16, 1986, the VA notified Lanier that the contract would not be renewed and would be allowed to expire on September 30, 1986. Lanier submitted a claim to the contracting officer for $9,396. The claim was denied on June 11, 1987.

In the final transaction, the Secret Service, Washington, D.C., renewed a rental agreement with Lanier for ADPE on February 13, 1986, converting a 12 month lease to a 36 month FLTOP pursuant to the FY 1986 GSA schedule contract. On September 16, 1986, the Secret Service notified Lanier that the contract would not be renewed and would be allowed to expire effective October 1, 1986. Lanier submitted a claim to the contracting officer for $15,354. This claim has not been decided pending disposition of this lawsuit.

## DISCUSSION

Plaintiff raises two issues in this case. The first issue, which is applicable to the BOP, the FAA, and the VA claims, is whether the defendant, upon entering into the contracts, lacked the requisite intent to continue the contract for more than a twelve month period (or until the end of the then current fiscal year). This issue raises factual questions that only can be resolved through discovery.

The second issue, which applies to all four claims, involves the interpretation of the FY 1986 contracts. The four transactions at issue are governed by the identical contract, specifically the FLTOP provisions of Lanier's FY 1986 GSA schedule contract. Because the interpretation of a contract is a matter of law, this issue may be resolved by a motion for summary judgment.

Summary judgment is appropriate when there is no genuine issue as to any material fact. RUSCC 56(c). In evaluating a motion for summary judgment, any doubt as to whether a genuine issue of material fact exists must be resolved in favor of the non-moving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Campbell v. United States*, 2 Cl.Ct. 247, 249 (1983). "The party opposing summary judgment must show an evidentiary conflict on the record; mere denials or conclusory statements are not sufficient." *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390–91 (Fed.Cir.1987) (citing *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 836 (Fed.Cir.1984)). The party opposing summary judgment "must set forth specific facts showing there is a genuine issue for trial." RUSCC 56(f).

■ The parties have not yet conducted discovery in this case, and the plaintiff has raised genuine issues of material fact with regard to three of the four claims. Specifically, plaintiff alleges that the BOP, the FAA, and the VA, at the time they entered into the FLTOP contracts, intended only short term rentals. If this allegation is true, the defendant violated the contract provision that provides: "Any FLTOP is executed by the Government on the basis that the known requirements exceed the initial term which both parties agree is twelve (12) months or the remainder of the fiscal year." Discovery is necessary to resolve this issue. Also, in the BOP claim, plaintiff alleges that defendant terminated the contract on October 31, 1986, which is during a fiscal year and in violation of the contract provision that allows termination of the contract during a fiscal year only if the government is exercising the provisions of the termination for convenience clause. This issue also requires discovery for proper resolution. Therefore, summary judgment is inappropriate at this time for the BOP claim, as well as for the FAA and the VA claims.

■ With regard to the Secret Service claim, plaintiff has not made the requisite showing that there is a genuine issue of material fact. This claim hinges solely on the question of the interpretation of the contract. The terms of Lanier's FY 1986 GSA schedule contract with the Secret Service are clear and self-explanatory. The relevant contract provisions provide:

(1) Any FLTOP is executed by the Government on the basis that known requirements exceed the initial term which both parties agree is twelve (12) months or the remainder of the fiscal year. The Government cannot commit to a longer term at the commencement of the FLTOP, although there is a reasonable certainty that funds will be available thereafter, to permit exercise of the renewal options granted herein to the Government.... All orders shall remain in effect through the earlier of September 30 of the fiscal year or the Expiration Date of the FLTOP, unless the Government exercises its rights hereunder to acquire title to the machines prior to the Plan expiration date or to terminate this FLTOP. Machines leased under this FLTOP may not be discontinued during a fiscal year except by the Contracting Officer exercising the provisions of "Termination for Convenience of the Government." (FAR 52.249–1, 52.249–2)

(2) All FLTOP orders and renewals automatically terminate on September 30, of the Contract term, however, ordering offices should notify Lanier in writing thirty (30) calendar days prior to the expiration of such orders as to the Government's intent to renew. The Government has the option to renew each FLTOP order each year at the original FLTOP monthly charge in effect at the time the FLTOP order is placed until the completion of thirty-six (36) months.

The GSA FY 1986 schedule that governed the transactions at issue resulted from an amendment to the FY 1985 contract Lanier used previously in its dealings with the GSA. The earlier contracts contained language that provided:

Lanier and the Government agree that the nonavailability of funds and "Termination for Convenience of the Government" ... shall be the only conditions which will prevent the annual exercise by the Government of an option to renew any FLTOP.

At the government's insistence, Lanier removed this language in September 1985 from the terms of the proposed FY 1986 contract. The changes in the contract were made with Lanier's full knowledge and approval. As a result of these modifications, the wording of the FY 1986 contract did not place any restrictions on the government's power to exercise its option to renew other than to provide written notice of its intent to renew. Absent this notice of intent to renew, the contracts would automatically terminate at the end of the fiscal year.

Plaintiffs cannot successfully argue that they believed the government would continue to abide by the excised FY 1985 provisions when the FY 1986 contract specifical-

ly indicates otherwise. Only when a contract is ambiguous will factors outside of the contract terms be taken into account. *Sylvania Electric Products, Inc. v. United States*, 198 Ct.Cl. 106, 126, 458 F.2d 994, 1005 (1972). Because there are no ambiguities in the contractual language at issue, the scope of the court's inquiry is limited to the express terms of the contract.

Plaintiffs further argue that because the Secret Service contract was made during FY 1986 and was to run into FY 1987, special authority was needed to terminate the contract. The contract, however, contains no such representations, providing instead: "All orders shall remain in effect through the *earlier* of September 30 of the fiscal year or the Expiration Date of the FLTOP...." (Emphasis added). The defendant cancelled the contract effective October 1, 1987. Even without this affirmative action terminating the contract, absent the government's written notice to renew, the contract would have expired on this date according to the terms of the agreement. Special authority is not required to terminate the contract in this situation.

The central issue in the Secret Service claim, and applicable to the other claims as well, is whether the terms of the contract can be construed in such a manner to require the government to exercise its option to renew the contracts if funding is available. It is well established that in most instances the government cannot commit to a contract term of longer than twelve months. *Leiter v. United States*, 271 U.S. 204, 206–07, 46 S.Ct. 477, 478, 70 L.Ed. 906 (1926). A clause to this effect is included in the Lanier FY 1986 contract.

The contractual language also makes it clear that absent notification by the government of its intent to renew, the contract would "automatically terminate on September 30, of the Contract term." Moreover, the contract states that "[t]he Government has the option to renew each FLTOP order each year." Given the deletion of language from the FY 1985 GSA schedule contract that restricted the government's power to refuse to renew, the only limitation on the government's op-

tion to renew in the FY 1986 contract was timely notice of its intent to renew.

Ample support exists for the above interpretation. In *Leiter*, where the petitioner sought to recover rent for office space leased to the United States under leases for separate terms of several years, the Court stated:

A lease to the Government for a term of years, when entered into under an appropriation available for but one fiscal year, is binding on the Government only for that year. *McCollum v. United States*, 17 Ct.Cls. 92, 104; *Smoot v. United States*, 38 Ct.Cls. 418, 427. And it is plain that, to make it binding for any subsequent year, it is necessary, not only that an appropriation be made available for the payment of rent, but that the Government, by its duly authorized officers, affirmatively continue the lease for such subsequent year....

*Leiter*, 271 U.S. at 207, 46 S.Ct. at 478. In the Lanier contracts, even though the contract states "there is a reasonable certainty that funds will be available," the contract was for only one year absent the government's affirmative action to continue the contract for subsequent years.

The agencies involved in this case did not affirmatively renew any of the contracts; in fact, officials for each agency involved notified Lanier prior to the end of FY 1986 that their FLTOP contracts with Lanier would not be renewed. In *Goodyear Tire & Rubber Co. v. United States*, 276 U.S. 287, 48 S.Ct. 306, 72 L.Ed. 575 (1928), the government was allowed to cancel a lease for a term of years even though appropriated funds were available. As in Lanier's case, there was no affirmative action, express or implied, that could be treated as a renewal of the option, and the government notified Goodyear of its intent not to continue the lease. "Not having affirmatively continued the lease beyond the actual period of occupancy, the Government cannot, under the doctrine of the *Leiter* case, be bound for a longer term." *Goodyear*, 276 U.S. at 293, 48 S.Ct. at 307.

Moreover, Lanier's contract with the Secret Service in this case is governed by

*Government Systems Advisors, Inc. v. United States*, 847 F.2d 811 (Fed.Cir.1988). In *Government Systems Advisors*, a clause almost identical to the FLTOP clauses in Lanier's FY 1986 GSA schedule contract was found to place no obligation on the government to exercise its option to renew for future fiscal years. The contract in *Government Systems Advisors* was a "lease to ownership" contract with the government to supply data processing equipment and services. The contract was for a term of 60 months, and was:

> renewable ... at the option of the Government, by the Contracting Officer giving written notice of renewal to the Contractor by the first day of each fiscal year of the Government or within 30 days after funds for the fiscal year become available, ... provided that the Contracting Officer shall have given preliminary notice of the Government's intent to renew at least 30 days before the contract is to expire.

*Government Systems Advisors*, 847 F.2d at 812. Lanier's contract is worded slightly different, but the same meaning is conveyed. Lanier's contract reads:

> All FLTOP orders and renewals automatically terminate on September 30 of the Contract term, however, ordering offices *should* notify Lanier in writing thirty (30) calendar days prior to the expiration of such orders as to the Government's intent to renew. The Government has the option to renew each FLTOP order each year.... (Emphasis added).

Both contracts give the government the option to renew if proper notice is given to the contractor. Lanier's FY 1986 contract makes it clearer than the contract in *Government Systems Advisors* that the contract automatically terminates absent the government's notice of renewal.

At the same time, no restrictions are placed on the government's ability to decide not to renew the contract at the end of a fiscal year. The court in *Government·Systems Advisors* held that the contract provision in that case was "clear and unambiguous. The provisions and terms of the contract, read as a whole, plainly evidence

that renewal of the contract was within the complete discretion of the government." 847 F.2d at 813. The court also reasoned:

> Nothing in Provision 102 [the clause in question in *Government Systems Advisors*] or any other provision commits the government to renewal, or regulates the conditions under which it could decide to forego the exercise of its option to renew. The only limitation on the government's option is the requirement for timely notice of intent to renew.

*Id.* The identical situation is present in the government's contracts with Lanier. The language of the FY 1986 GSA schedule contract clearly indicates that the government could forego the exercise of its option to renew for any reason whatsoever. Lanier was aware of this ability as it had amended the FY 1985 GSA schedule contract to delete language placing limitations on the government's freedom to refuse to exercise its option to renew the contract. To require the government to renew the contract would render the provisions of the GSA schedule contract dealing with FLTOP, to which Lanier agreed, meaningless.

To support its position, plaintiffs cite to two of the same cases that the plaintiffs asserted in *Government Systems Advisors* (GSAI is now Pacificorp). These cases are inapplicable for the same reasons that they did not apply in *Government Systems Advisors*. As the Court of Appeals for the Federal Circuit stated in that case:

> GSAI's citation of *Municipal Leasing Corp. v. United States*, 1 Cl.Ct. 771 (1983), *Manloading and Management Assoc. v. United States*, 461 F.2d 1299, 198 Ct.Cl. 628 (1972), and similar cases is without effect. Those cases involved actions of the government independent of the wording of the involved contracts, which actions were found to have bound the government to exercise its renewal option. No such actions are present here.

*Government Systems Advisors*, 847 F.2d at 813. No conduct is present in the Secret Service claim that would justify the court's departure from the plain language of the

contract. The Secret Service clearly acted within its rights in declining to renew the FLTOP contract at the end of the fiscal year. The reason for the decision not to renew the contract is immaterial.

granted as to the Secret Service claim, and denied as to the BOP, the FAA, and the VA claims.

## CONCLUSION

For the reasons stated above, the defendant's motion for summary judgment is