# SUPREME COURT OF THE UNITED STATES

_____

No. 19A60

_____

## DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, ET AL. *v.* SIERRA CLUB, ET AL.

ON APPLICATION FOR STAY

[July 26, 2019]

The application for stay presented to JUSTICE KAGAN and by her referred to the Court is granted. Among the reasons is that the Government has made a sufficient showing at this stage that the plaintiffs have no cause of action to obtain review of the Acting Secretary's compliance with Section 8005. The District Court's June 28, 2019 order granting a permanent injunction is stayed pending disposition of the Government's appeal in the United States Court of Appeals for the Ninth Circuit and disposition of the Government's petition for a writ of certiorari, if such writ is timely sought. Should the petition for a writ of certiorari be denied, this stay shall terminate automatically. In the event the petition for a writ of certiorari is granted, the stay shall terminate when the Court enters its judgment.

JUSTICE GINSBURG, JUSTICE SOTOMAYOR, and JUSTICE KAGAN would deny the application.

JUSTICE BREYER, concurring in part and dissenting in part from grant of stay.

To warrant this stay, the Government must show not just (1) a reasonable probability that the Court will grant certiorari and (2) a fair prospect that the Court will reverse, but also (3) "'a likelihood that irreparable harm will result from the denial of a stay.'" *Maryland* v. *King*, 567 U. S. 1301, 1302 (2012) (ROBERTS, C. J., in chambers). This case raises novel and important questions about the ability of private

parties to enforce Congress' appropriations power. I would express no other view now on the merits of those questions.

Before granting a stay, however, we must still assess the competing claims of harm and balance the equities. *Barnes* v. *E-Systems, Inc. Group Hospital Medical & Surgical Ins. Plan*, 501 U. S. 1301, 1305 (1991) (Scalia, J., in chambers). This Court may, and sometimes does, "tailor a stay so that it operates with respect to only 'some portion of the proceeding.'" *Trump* v. *International Refugee Assistance Project*, 582 U. S. ___, ___ (2017) (*per curiam*) (slip op., at 10) (quoting *Nken* v. *Holder*, 556 U. S. 418, 428 (2009)). In my view, this is an appropriate case to do so.

If we grant the stay, the Government may begin construction of a border barrier that would cause irreparable harm to the environment and to respondents, according to both respondents and the District Court. The Government's only response to this claim of irreparable harm is that, if respondents ultimately prevail, the border barrier may be taken down (with what funding, the Government does not say). But this is little comfort because it is not just the barrier, but the construction itself (and presumably its later destruction) that contributes to respondents' injury.

If we instead deny the stay, however, it is the Government that may be irreparably harmed. The Government has represented that, if it is unable to finalize the contracts by September 30, then the funds at issue will be returned to the Treasury and the injunction will have operated, in effect, as a final judgment. Respondents suggest a court could still award the Government relief after an appropriation lapses, though that proposition has yet to be endorsed by this Court.

But there is a straightforward way to avoid harm to both the Government and respondents while allowing the litigation to proceed. Allowing the Government to finalize the contracts at issue, but not to begin construction, would alleviate the most pressing harm claimed by the Government

without risking irreparable harm to respondents. Respondents do not suggest that they will be harmed by finalization of the contracts alone, and there is reason to believe they would not be. See, *e.g.*, 36 Opinion of Office of Legal Counsel 11 (2012) (noting that, because of the Anti-Deficiency Act, "the government [is] legally incapable of incurring a contractual obligation to pay more money than Congress had appropriated"), online at https://www.justice.gov/file/20596/download (as last visited July 26, 2019); see also *Leiter* v. *United States*, 271 U. S. 204, 206–207 (1926); *Sutton* v. *United States*, 256 U. S. 575, 580–581 (1921); *Hooe* v. *United States*, 218 U. S. 322, 332–334 (1910); *Bradley* v. *United States*, 98 U. S. 104, 116–117 (1878).

I can therefore find no justification for granting the stay in full, as the majority does. I would grant the Government's application to stay the injunction only to the extent that the injunction prevents the Government from finalizing the contracts or taking other preparatory administrative action, but leave it in place insofar as it precludes the Government from disbursing those funds or beginning construction. I accordingly would grant the stay in part and deny it in part.