[2] The appellants, who are the selling agents of the Lezius Manufacturing Company, admit the sufficiency of the bond to afford them full protection, but insist that their principal, the Lezius Manufacturing Company, is not protected against loss by this bond; that the property now manufactured, upon which this trade-mark appears, is of a perishable nature; that it has a seasonable market, and unless sold during the Christmas holidays this year will be practically worthless. The Lezius Manufacturing Company was not joined as a party defendant to this action, nor has it asked to be made a party to protect its own interests. These appellants cannot predicate their right to a reversal of this decree upon the rights and equities of the Lezius Manufacturing Company.

For the reasons stated, the decree of the District Court is affirmed.

---

### GRAND PRAIRIE GRAVEL CO. v. TRINITY PORTLAND CEMENT CO.

(Circuit Court of Appeals, Fifth Circuit. December 18, 1923. Rehearing Denied January 29, 1924.)

#### No. 4146.

Contracts ⬞186(1)—Party furnishing material to contractor cannot maintain action against party agreeing to lend contractor money.

    A cement company's agreement to lend money to a contractor to enable him to carry out his paving contract did not render it liable to action by a third person for gravel furnished the contractor.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by the Grand Prairie Gravel Company against the Trinity Portland Cement Company. A judgment for defendant was entered on a directed verdict, and plaintiff brings error. Affirmed.

⬞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Lawrence C. McBride, of Dallas, Tex. (Cockrell, McBride & O'Donnell, of Dallas, Tex., on the brief), for plaintiff in error.

Rhodes S. Baker and Alex F. Weisberg, both of Dallas, Tex. (Thompson, Knight, Baker & Harris, of Dallas, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. The Grand Prairie Gravel Company, plaintiff below, sold numerous carloads of gravel to one Bert Hahn, to be used by him in certain paving work, for the doing of which he had contracts with three cities in Texas. The suit is brought against the Trinity Portland Cement Company, because it is alleged that company agreed to finance Hahn, and to pay for the gravel which he might buy from the plaintiff.

The evidence for the plaintiff, construed in its most favorable light, only shows that the defendant agreed to lend money to Hahn for the purpose of enabling him to carry out his contracts for paving, and knew that Hahn was purchasing gravel from the plaintiff. At first Hahn told the plaintiff only that he had made arrangements for what money he needed. The plaintiff first ascertained that he was obtaining money from the defendant from one Hilligoss, who represented a surety company. The plaintiff admitted that it did not communicate with the defendant, because Hahn stated that company did not want it known that it was financing him. At the time suit was brought Hahn was indebted to the defendant in an amount many times greater than plaintiff's claim. At the conclusion of the evidence the court directed a verdict and entered judgment thereon for the defendant.

It is clear that no contract was entered into between the parties. Hahn had definite instructions from the defendant not to bind it in any contract for the purchase of gravel. This the plaintiff admittedly knew, and therefore it cannot be heard to assert that it had a direct contract with the defendant. The most the plaintiff can do is to assert against the defendant whatever rights Hahn had against it, and such rights are subject to a set off in favor of the defendant. Since it appears that the defendant owed Hahn nothing, it follows that the plaintiff cannot maintain its suit. Episcopal City Mission v. Brown, 158 U. S. 222, 15 Sup. Ct. 833, 39 L. Ed. 960; Fish v. First National Bank of Seattle, 150 Fed. 524, 80 C. C. A. 266; Burton v. Larkin, 36 Kan. 246, 13 Pac. 398, 59 Am. Rep. 541; 6 R. C. L. 886; 2 Williston on Contracts, 737.

The judgment is affirmed.