*812
 
 MARKEY, Chief Judge.
 

 Appeal from an order of the United States Claims Court, 13 Cl.Ct. 470 (1987), granting summary judgment for the United States and dismissing Government Systems Advisors, Inc.’s (GSAI’s) complaint alleging breach of contract. We affirm.
 

 I. Background
 

 The facts are set forth in the opinion of the Claims Court and will be only summarized here.
 

 In April of 1984 the United States entered into a “lease to ownership” contract with Digital Information Systems Corporation (DISC) for the procurement of data processing hardware, software and related services. DISC assigned its right to payment to plaintiff GSAI.
 

 The Contract’s General Provision 102, entitled
 
 OPTION TO EXTEND THE TERM OF THE CONTRACT,
 
 provided:
 

 [t]his contract is renewable ... at the option of the Government, by the Contracting Officer giving written notice of renewal to the Contractor by the first day of each fiscal year of the Government or within 30 days after funds for the fiscal year become available, whichever date is later: provided that the Contracting Officer shall have given preliminary notice of the Government’s intent to renew at least 30 days before the contract is to expire. Such a preliminary notice of intent shall not be deemed to commit the Government to renewals. If the Government exercises this option for renewal, the contract as renewed shall be deemed to include this option provision. However, the total duration of this contract, including the exercise of any options under this clause, shall not exceed 60 months past the date of acceptance of the last delivered item of the initial quantity.
 

 In compliance with the Anti-Deficiency Act, 31 U.S.C. § 1341 (1982) (hereinafter Act), and 48 C.F.R. § 32.705-1(a) (1988), and based upon a sample provision found at 48 C.F.R. § 52.232-18 (1988), the contract incorporated the following clause:
 

 ARTICLE XVIII—AVAILABILITY OF FUNDS FOR NEXT FISCAL YEAR
 

 Funds are not presently available for performance under this contract beyond September 30, 1984. The Government’s obligation under this contract beyond that date is contingent upon the availability of appropriated funds from which payment for compensation can be made. No legal liability on the part of the Government for payment of any money for performance of orders issued after September 30, 1984, shall arise unless and until funds are made available to the Contracting Officer for such performance and notice of such availability, to be confirmed in writing by the Contracting Officer, is given to the Contractor. Orders issued prior to September 30, 1984 shall be continued until completion.
 

 The United States renewed the contract for Fiscal Years 1986 and 1987, but on September 30, 1986 notified DISC that the contract would not be renewed. GSAI brought suit in the Claims Court alleging breach of contract. The Court granted the United States’ motion for summary judgment and dismissed the case, having found that the refusal to renew was based on lack of funds, and holding that the Act precludes the government from obligating itself for any period for which funds have not already been appropriated.
 

 II. Issue
 

 Whether the Claims Court erred in granting summary judgment for the United States.
 

 III. Opinion
 

 GSAI correctly states that a “key issue in this case is the interpretation of the contract
 
 [1]
 
 and, specifically, whether it requires exercise of renewal options when
 
 *813
 
 funds are available.” We hold that the contract placed no restriction on the government’s freedom to decline the exercise of its option. We need not and do not therefore reach GSAI’s assertion of a fact issue on whether funds were available, or the Claims Court’s discussion of the Act.
 
 [2]
 

 A. Contract Interpretation
 

 General Provision 102 plainly states that the contract is renewable “at the option of the Government.” That the option is a true option is illustrated by the penultimate sentence of the provision, which opens with an indication that renewal will be uncertain. (“If the Government exercises this option for renewal ...”) Nothing in Provision 102 or any other provision commits the government to renewal, or regulates the conditions under which it could decide to forego the exercise of its option to renew. The only limitation on the government’s option is the requirement for timely notice of intent to renew.
 

 Provision 102 is clear and unambiguous. The provisions and terms of the contract, read as a whole, plainly evidence that renewal of the contract was within the complete discretion of the government. An option is normally an option, and nothing in Provision 102, or in Article XVIII, or in any other contract clause, limited the circumstances under which the government could decline to exercise that bargained-for right in this. case.
 

 B. GSAI’s arguments
 

 GSAI says “[t]he text of the contract ... requires the interpretation that the government agreed to exercise renewal options annually, provided funds were available” because Article XVIII of the contract “makes the government’s obligation under this contract... contingent upon the availability of appropriated funds” and further states that “[n]o legal liability shall arise unless and until funds are made available to the Contracting Officer.” According to GSAI, “[i]f, as the trial court argued, there was no obligation, even in the event of available funds, this language would be superfluous....”
 

 GSAI further argues that interpreting Provision 102 to allow total discretion to renew would 1) violate the order of precedence clause of the contract, 2) contravene the “rule that contract provisions are to be read together and harmonized” and 3) ignore the rule that ambiguous clauses be construed
 
 contra preferendum.
 

 GSAI reads too much into Article XVIII, which is a
 
 limitation
 
 on the government’s liability. GSAI’s interpretation would turn a passive exculpatory provision into an affirmative obligation and would twist the clause beyond recognition. That provision, a virtually verbatim transfer from the Code of Federal Regulations, does no more than shield the government from liability when it fails to secure funding. GSAI’s attempt to use it as a sword is without merit.
 

 GSAI’s “order of precedence” and “harmonization” arguments erroneously assume that the government’s interpretation of Provision 102 conflicts with Article XVIII, and its
 
 “contra preferendum
 
 ” argument fails because Provision 102 is unambiguous and GSAI’s reading is unreasonable.
 
 See United States v. Turner Constr. Co.,
 
 819 F.2d 283, 286 (Fed.Cir.1987)
 
 (“Contra preferendum
 
 applies when a contractor’s reading of an ambiguous contract provision is reasonable in itself.”).
 

 GSAI’s citation of
 
 Municipal Leasing Corp. v. United States,
 
 1 Cl.Ct. 771 (1983),
 
 Manloading & Management Assoc. v. United States,
 
 461 F.2d 1299, 198 Ct.Cl. 628 (1972), and similar cases is without effect. Those cases involved actions of the government independent of the wording of the involved contracts, which actions were found to have bound the government to exercise its renewal option. No such actions are present here.
 

 That title to the equipment would have vested
 
 if
 
 the government had exercised its
 
 *814
 
 renewal rights and made payments for sixty months, and that the equipment was customized, are factors that cannot convert what is a true contract option into something else. Interpreting the present contract to give effect to the renewal option impedes no ascertainable intent of the parties.
 
 See Alvin Ltd. v. United States Postal Service,
 
 816 F.2d 1562, 1565 (Fed.Cir.1987). Whether it would have been a good idea to write a contract obligating the government to renew when funds became available is irrelevant. This is not such a contract.
 

 IV. Conclusion
 

 The summary judgment in favor of the United States is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Contract interpretation is a matter of law and thus is amenable to decision on summary judgment.
 
 See P.J. Maffei Bldg. Wrecking v. United States,
 
 732 F.2d 913, 916 (Fed.Cir.1984). GSAI cites no genuine issue of material fact precluding summary disposition on the basis of contract interpretation.
 

 [2]
 

 . GSAI’s argument that the "agency entered into a five year lease subject to appropriations'’ is without merit. Like the Claims Court, we find "no need to resort to a contract interpretation which both distorts the provisions relating to the contract term and ignores other significant portions of the contract." 13 Cl.Ct. at 474.