9 F.3d 979
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
T.J. SMITH & NEPHEW LTD., Plaintiff-Appellant,
v.
PARKE, DAVIS & COMPANY, d/b/a Deseret Medical, Inc., Acutek
Adhesive Specialties, Inc. and Deseret Medical,
Inc., Defendants/Cross-Appellants.
 Nos. 92-1240, 92-1241.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1993.
Rehearing Denied Nov. 12, 1993.
 
 Before RICH, Circuit Judge, SMITH, Senior Circuit Judge, and SCHALL, Circuit Judge.
 SCHALL, Circuit Judge.
 
 
 1
 This is an appeal and a cross-appeal from a judgment of the United States District Court for the District of Utah, Central Division, awarding damages to plaintiff-appellant T.J. Smith & Nephew Ltd. (S & N) following a bench trial in its patent infringement suit against defendants/cross-appellants Parke, Davis & Company, d/b/a Deseret Medical, Inc. (Deseret), Acutek Adhesive Specialties, Inc. (Acutek) and Deseret Medical, Inc. (collectively Parke, Davis). The sole issue presented is the measure of damages. Neither side disputes that reasonable royalty is the correct approach for determining damages. S & N, however, contends that the district court erred in its determination of a reasonable royalty. Specifically, S & N argues that the court failed to properly apply the collateral sales doctrine or to give sufficient evidentiary weight to existing licenses under the patent-in-suit. S & N further argues that the court should have calculated prejudgment interest at a higher rate than that paid on three month Treasury bills. Finally, S & N contends that the district court erred in not finding the case exceptional and therefore not awarding attorney fees under 35 U.S.C. Sec. 284. Parke, Davis, in its cross-appeal, argues that the district court erred in finding that a settlement agreement between S & N and Avery International Corporation (Avery) did not release Parke, Davis from liability for the covered time period. We affirm-in-part, vacate-in-part, and remand.
 
 DISCUSSION
 
 2
 * We review the decision of the district court to determine whether it committed legal error or if its findings of fact are clearly erroneous. Schenck v. Nortron, 713 F.2d 782, 785, 218 USPQ 698, 700 (Fed.Cir.1983); Deere & Co. v. International Harvester Co., 710 F.2d 1551, 1558, 218 USPQ 481, 487 (Fed.Cir.1983). We begin by addressing S & N's argument that the court misapplied the collateral sales doctrine. In order to invoke the doctrine, a plaintiff must show that the patented product was actually responsible for the defendant's sales of the non-patented products. Deere & Co., 710 F.2d at 1558-59, 218 USPQ at 487; See Georgia Pacific Corp. v. United States Plywood Corp., 318 F.Supp. 1116, 1120, 166 USPQ 235, 247 (S.D.N.Y.1970). The district court's opinion reflects a thorough and careful consideration of the evidence offered on this issue. S & N points to no evidence that persuades us that the district court's finding that Deseret's catheter sales did not depend on sales of Ensure-it is clearly erroneous. On the contrary, the evidence shows that, if anything, Deseret depended on catheter sales to sell Ensure-it.
 
 
 3
 S & N next argues that Parke, Davis should have been judicially estopped from contending that its sales of catheters and related products are not collateral to sales of Ensure-it, having successfully taken an arguably opposite position when it obtained a stay of the permanent injunction against its selling Ensure-it. We disagree. When deciding non-patent issues such as whether judicial estoppel applies, we look to the law of the appropriate regional circuit. Wang Labs, Inc. v. Applied Computer Sciences, Inc., 958 F.2d 355, 358, 22 USPQ2d 1055, 1058 (Fed.Cir.1992) (finding no estoppel under First Circuit precedent). The Tenth Circuit rejects the doctrine of judicial estoppel on the grounds that it "would discourage the determination of cases on the basis of the true facts as they might be established ultimately." Parkinson v. California Co., 233 F.2d 432, 438 (10th Cir.1956). Thus, the district court was correct in considering all the evidence bearing on whether Deseret's sales of IVs and related accessories were linked to its sales of Ensure-it. The court's determination that there was no such linkage is well-supported. Therefore, the court correctly concluded that Parke, Davis's catheter sales should not be a factor in the reasonable royalty analysis.
 
 
 4
 S & N also contends that the district court erred in not using the rate paid by S & N's large licensees as the reasonable royalty. Proof of an established royalty for the patent in suit is indeed one of the strongest measures of a reasonable royalty. Nickson Indus. Inc. v. Rol Mfg. Co., 847 F.2d 795, 798, 6 USPQ2d 1878, 1880 (Fed.Cir.1988). However, to show that a royalty is "established," it must be paid by enough different licensees to " 'indicate a general acquiescence in its reasonableness.' " Hanson v. Alpine Valley Ski Area, Inc., 718 F.2d 1075, 1078, 219 USPQ 679, 682 (Fed.Cir.1983) (quoting Rude v. Westcott, 130 U.S. 152, 165 (1889)). We agree that even a license which does not "establish" a royalty rate may be extremely probative of what a willing buyer would pay. However, the particular market circumstances of each party must always be considered. See Nickson Ind., 847 F.2d at 798, 6 USPQ2d at 1880. In this case, the district court made numerous findings of fact. Based upon those findings of fact, it concluded that, under the market circumstances of this case, a license to make and sell S & N's patented product was worth less to Deseret than it would be to other licensees. We discern no clear error in the district court's findings.
 
 
 5
 The district court found that 10% of net sales would constitute a reasonable royalty. Reasonable royalty is essentially a function of multiple fact determinations. Apart from the collateral sales issue, S & N does not appear to take issue with the court's approach, only with its specific fact findings and assumptions. As these are all reasonable and supported by the evidence, the court's finding as to a reasonable royalty rate is affirmed.
 
 
 6
 S & N complains also about the district court's use of the Treasury bill rate in calculating prejudgment interest. S & N asserts that it proved that it would have converted a hypothetical royalty to pounds sterling and invested it in the United Kingdom at a higher rate. We review the issue of the interest rate only for abuse of discretion. See Gyromat Corp. v. Champion Spark Plug Co., 735 F.2d 549, 556-57, 222 USPQ 4, 9-10 (Fed.Cir.1984). We are not persuaded that use of the Treasury bill rate constituted an abuse of discretion.
 
 
 7
 Addressing S & N's final contention on appeal, the standard of review with respect to awarding attorney fees based upon finding a case exceptional is abuse of discretion. S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201, 228 USPQ 367, 369 (Fed.Cir.1986). Willful infringement is only one factor in the analysis. We remanded so that the willful infringement factor, previously absent from the court's equation, could be considered. On remand, however, the court's opinion makes clear that it properly considered the willful infringement and found that it had been adequately addressed by trebling the damages. On the record before us, we are not persuaded that an award of attorney's fees was so clearly justified here as to make its denial an abuse of discretion.
 
 II
 
 8
 In its cross-appeal, Parke, Davis argues that the district court erred in finding that the Avery settlement did not release it from some liability. We agree. As a preliminary matter, we reject S & N's argument that this is an issue which should have been raised at the liability trial or on the first appeal to this court. The argument is flawed because the liability trial took place in October, 1987, and the release was not signed until May, 1988. This court would not have considered on appeal an issue not raised at the trial level. Therefore, Parke, Davis appropriately raised the issue of the release during the damages phase of the case.
 
 
 9
 The release issue is essentially one of contract interpretation and thus freely reviewable in this court. See Gould, Inc. v. United States, 935 F.2d 1271, 1273 (Fed.Cir.1991); Government Sys. Advisors, Inc. v. United States, 847 F.2d 811, 812 n. 1 (Fed.Cir.1988); Joy Mfg. Co. v. National Mine Serv. Co., 810 F.2d 1127, 1129, 1 USPQ2d 1627, 1629 (Fed.Cir.1987) (applying contract interpretation law to settlement agreement). The district court read the affidavit of Avery Vice-President Lester Dickard, prepared as part of the settlement, to mean that the release agreement did not apply to Acutek's and Deseret's sales of Ensure-it. This was error. Contract interpretation begins with the agreement's plain language. See Fort Vancouver Plywood Co. v. United States, 860 F.2d 409, 413 (Fed.Cir.1988). A court should only consider parol evidence in the event that the terms of the agreement are ambiguous. See Greco v. Department of the Army, 852 F.2d 558, 560 (Fed.Cir.1988). We find no ambiguity in the language of the release, which not only refers to Avery's customers who use its medical grade adhesive, but also names Acutek and Deseret as customers released. There was no reason for the court to have looked beyond the literal terms of the agreement. See Joy, supra, at 1129.
 
 
 10
 At any rate, the Dickard affidavit shows only that Acutek and Deseret did not purchase a composite product (adhesive plus film) from Avery during the relevant time period. It says nothing about sales of the adhesive alone. The "and/or" language of the release clearly includes customers who purchase adhesive alone as well as those who purchase the composite product.
 
 
 11
 We have concluded that the release was effective to relieve Parke, Davis from liability for sales of Ensure-it through May, 1988. However, we are unable to discern from the record before us what portion of the net sales of Ensure-it discussed in the district court's Finding # 70 took place during the period covered by the release. Therefore, we vacate the court's award based on the period between May, 1985 and February, 1989. We remand the case to the district court to determine the amount of the award based upon Parke, Davis's sales of Ensure-it from June, 1988 through February, 1989. The court is instructed to apply the reasonable royalty rate to this amount only and to adjust the amount of the trebled award and interest accordingly.