**STELCO HOLDING COMPANY and
Pikeville Coal Company,
Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**Nos. 95–81T, 97–168T.**

United States Court of Federal Claims.

Oct. 20, 1998.

Robert E. Glaser, Cleveland, OH, attorney of record, for plaintiffs.

George L. Squires, Washington, D.C., with whom was Assistant Attorney General Loretta C. Argrett, for defendant.

## OPINION ON RECONSIDERATION

REGINALD W. GIBSON, Senior Judge.

By an opinion filed September 29, 1998, this court directed the Clerk to enter judgment pursuant to RCFC 54(b) dismissing the complaint in *Stelco Holding Co. v. United States*, 42 Fed.Cl. 101 (1998) *with prejudice* insofar as it relates, *inter alia*, to the corporation income tax refund claim of Stelco Holding Company and its consolidated subsidiaries (hereinafter Stelco or plaintiff) for the taxable year 1992, in accordance with RCFC 12(b)(1) and 12(h)(3), for lack of subject matter jurisdiction. On October 13, 1998, Stelco filed a motion for reconsideration in part, pursuant to RCFC 59(a) and 83.2(f), pertinent to the court's dismissal with prejudice of the aforesaid 1992 refund claim. Therein, Stelco requests that the court's dismissal, with prejudice, as to the taxable year 1992 be "corrected" to a dismissal *without* prejudice. For the reasons set forth below,

we hold that Stelco has failed to demonstrate sufficiently its entitlement to such relief.

Reconsideration is, of course, not a matter of right, but rather, is granted at the discretion of the court. *Pikeville Coal Co. v. United States*, 37 Fed.Cl. 304, 313 (1997) (citing *Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir. 1990)). To prevail, Stelco "must point to a manifest error of law or mistake of fact." *Pikeville Coal*,[1] 37 Fed.Cl. at 313 (citing *Principal Mut. Life Ins. Co. v. United States*, 29 Fed.Cl. 157, 164 (1993)). Here at bar, however, reconsideration is inappropriate, for Stelco " 'merely reasserts ... arguments previously made ... all of which were carefully considered by the court.' " *Id.* (quoting *Frito–Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 391 (D.P.R.1981)).

We dismissed Stelco's refund claim for the taxable year 1992, filed on or about December 17, 1996, with the IRS, with prejudice on the grounds that Stelco had failed to carry its burden of proving that it had *timely* filed an administrative claim for refund, either formal or informal, for that year. Op. at 107, 113–15. Struggling here and now, albeit after the fact, to overlay a hospitable, fresh gloss upon the timeliness question, Stelco now curiously contends that "the issue of timely filing was not addressed in detail during the development of the issues in this case." Pl.Mt.Rec. at 2. Moreover, Stelco professes apparent surprise that the court did not limit its inquiry to only the jurisdictional objections raised by the Government, *i.e.*, whether Stelco's administrative refund claims for the taxable years 1984–1986 and 1989–1995 failed to put the Government on reasonable notice that such claims rested upon net operating loss carryovers, and whether Stelco's complaint in case no. 97–168T was filed prematurely. Op. at 106.

Stelco's tacit assertion that it was caught totally unawares by the court's inquiry into the timeliness of its 1992 refund claim is flatly inaccurate. Over four months prior to

---

[1]. Stelco's familiarity with the standard of review upon a motion for reconsideration is undeniable, due to the consolidation of *Pikeville Coal, supra,* case no. 95–81T, with this *Stelco Holding Co. v.* *United States,* 42 Fed.Cl. 101 (1998) the subject of Stelco's pending motion for reconsideration. Pikeville Coal Company is a wholly-owned subsidiary of Stelco.

the issuance of the court's opinion dated September 29, 1998, in providing Stelco the first of its multiple opportunities to discharge its burden of proving each and every indispensable jurisdictional fact by a preponderance of the evidence, the court issued a written order which stated, in relevant part:

> Stelco's complaint in No. 97–168T, filed on March 17, 1997, alleges that Stelco overpaid its federal income taxes for each of the taxable years 1984 through 1995, inclusive. Stelco further alleges that it filed "protective claims for refund" with the IRS for "tax years ... subsequent to tax year 1983." However, Stelco's complaint fails to identify the taxable years subsequent to 1983 for which it allegedly filed protective refund claims. *Nor does Stelco allege any facts which, if proven, would establish that its alleged protective refund claims for taxable years subsequent to 1983 were timely filed.* In addition, Stelco's complaint fails to state any substantive grounds entitling Stelco to refunds of taxes allegedly overpaid for its taxable years subsequent to 1983.

Order filed May 20, 1998 (emphasis added).

There is little doubt that Stelco promptly recognized the jurisdictional implications of the court's remarks, *supra*. Indeed, although the subject Order did not expressly direct Stelco to produce its post–1983 administrative claims for refund, Stelco did so unbidden in its Memorandum To Show Cause, filed May 29, 1998. In the aforesaid submission, Stelco volunteered a copy of a formal administrative claim for refund (Form 1120X) for its taxable year 1992, which plainly revealed that it was filed on or after December 17, 1996, well after the three-year statute of limitations under § 6511(a) had expired in mid-September of 1996. Op. at 107. It is clear beyond cavil that the taxpayer's failure to file an administrative claim for refund within the limitations period under § 6511(a) is an absolute jurisdictional bar to the subsequent maintenance of a tax refund suit. *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 851–52, 136 L.Ed.2d 818 (1997). Moreover, it is likewise clear that the Government's failure to affirmatively raise this jurisdictional defect is immaterial, for "[w]henever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter," the Rules of this Court unequivocally command that "the court *shall* dismiss the action." RCFC 12(h)(3) (emphasis added). Consequently, under the foregoing authorities, our dismissal of Stelco's above-referenced 1992 refund claim, *with prejudice*, for lack of subject matter jurisdiction, cannot creditably be deemed a "manifest error of law" suitable for reconsideration merely because the court reached and decided that issue *sua sponte*.[2]

Turning now to the putative factual basis of Stelco's motion for reconsideration, the court duly notes Stelco's tardy submission of a copy of another, heretofore unseen, formal administrative refund claim for its taxable year 1992—specifically, a Form 1120X filed and date-stamped by the IRS on June 24, 1996. Stelco contends that its Form 1120X filed June 24, 1996 is either: (i) an efficacious formal claim filed prior to the expiration of the three-year limitations period under § 6511(a); or (ii) in the alternative, the "written component" of a timely *informal* claim, as to which any formal defects were cured by the untimely formal claim, *supra*, that Stelco thereafter filed in December of 1996. We address these contentions *seriatim*.

To all appearances, Stelco's Form 1120X filed June 24, 1996 is apparently a timely, efficacious formal refund claim for the taxable year 1992. However, the *sole* ground for recovery stated therein, which is not averred in the duly filed complaint, is "a change in the [alternative minimum tax

---

**2.** Ironically, in a series of filings spanning several months, Stelco emphatically beseeched the court to weigh the adequacy of its administrative refund claims for the taxable years 1984–1986 and 1989–1995 not on the basis of the four corners of those filings, but against the totality of the surrounding circumstances. Having been granted its request—not to mention a favorable ruling concerning the efficacy of its administrative refund claims for the years 1984–1986, 1989–1991, and 1993–1995—Stelco cannot now be heard to complain that by addressing the timeliness of its 1992 refund claim, the court's inquiry went beyond the Government's jurisdictional objections.

(AMT) ] base as a result of a reduction in the depletion addback to the alternative minimum taxable income base ... thereby reducing the AMT." Nothing in said Form 1120X even remotely hints at the grounds pleaded in Stelco's complaint with respect to its 1992 claim for refund—specifically, net operating loss carryovers originating from operative facts which arose in one or more of the taxable years 1981–1983, *i.e.*, the Corn Products Issue and the Coal Price Issue. Op. at 105–06. Under the well-settled doctrine of variance, "a taxpayer cannot present one ground for refund in its [administrative] claim and a different ground in its petition." *Union Pacific R.R. Co. v. United States*, 182 Ct.Cl. 103, 109, 389 F.2d 437, 442 (1968). Thus, even if accepted as a timely formal *administrative claim* for the taxable year 1992, Stelco's Form 1120X filed June 24, 1996 nonetheless fails to establish this court's jurisdiction over the subject matter of the 1992 refund claim pleaded in Stelco's *complaint.*

■ Stelco's alternative contention—that its June 24, 1996 Form 1120X should be viewed as the written component of a timely *informal* refund claim for the taxable year 1992, later perfected by the untimely formal claim that Stelco filed in December of 1996— merely attempts to resurrect an issue already considered and decided by the court's opinion dated September 29, 1998. Therein, based upon our finding that "[t]he probative documentary record from which the existence of an informal claim might be gleaned makes absolutely no reference to the taxable year 1992, nor to an asserted sum certain respecting the refund sought for that year," we squarely held that "[t]his lack of specificity, left uncured, is fatal." Op. at 113–14. We further held that Stelco's untimely formal claim, filed in December of 1996, could not cure this lack of specificity for the following reasons:

> [I]t cannot be said that Stelco's untimely formal refund claim, for the taxable year 1992, merely "embellishes" an earlier, otherwise valid informal claim by correcting relatively minor irregularities and omissions. On the contrary, Stelco's untimely formal claim supplies *two indispensable*

*elements,* formerly lacking, of an efficacious claim for refund for the taxable year 1992, *i.e.,* a sum certain respecting the refund sought and the identification of the taxable year in question. To permit Stelco's untimely formal claim to "relate back" for the purpose of curing such material omissions within Stelco's putative informal claim would, in this court's opinion, stretch the informal claim doctrine past its breaking point and result in a plain violation of the statute of limitations under § 6511(a).

*Id.* at 114 (emphasis in original). Stelco's belated proffer of its 1992 Form 1120X, as timely filed on June 24, 1996, *supra,* utterly fails to impugn the foregoing conclusion.

Although said Form 1120X identifies 1992 as a taxable year that is the subject of a claim for refund, such refund claim clearly is *not* the refund claim presented in Stelco's subsequent untimely formal claim for the taxable year 1992, filed on another Form 1120X in December of 1996, nor does it touch or embrace the issues raised in the March 17, 1997 complaint filed in this court. Stelco's *untimely* formal claim seeks a considerable refund in the sum of $2,296,337, based upon "pending litigation for earlier tax years which may result in carryovers to this tax year." We have, of course, previously held that the term "carryovers," as employed by Stelco's untimely formal claim, refers to net operating loss carryovers arising in one or more of the taxable years 1981–1983, and that the term "pending litigation" refers to Stelco's longstanding dispute with the Commissioner over the Corn Products Issue and Coal Price Issue respecting those years. Op. at 111-12. . In its motion for reconsideration, Stelco warmly concurs with this holding.

In stark contrast to the foregoing, Stelco's timely Form 1120X, filed on June 24, 1996, seeks a refund in the relatively modest sum of only $94,070, based upon "a reduction in the depletion addback to the alternative minimum taxable income" for the taxable year 1992. Nothing in the aforesaid filing and the attachments thereto suggests that the refund sought therein is premised upon net operating loss carryovers. Therefore, inasmuch as Stelco's untimely formal claim, filed in De-

cember of 1996, raised *precise, new* grounds for recovery that are totally *at variance* with the grounds stated in Stelco's prior timely formal claim, filed on June 24, 1996, we are constrained to reject Stelco's contention that its untimely formal claim, filed on or about December 17, 1996, was a mere "amendment" which "perfected" an earlier informal claim, the written component of which was Stelco's timely formal claim. The variance between these two filings, we are constrained to conclude, is simply too great to permit a contrary answer. *See Union Pacific,* 182 Ct.Cl. at 111–13, 389 F.2d at 444–45.

In short, and on this record, Stelco identifies no manifest error of law or mistake of fact in our opinion dated and disseminated on September 29, 1998.[3] No "mistake of fact" arose from Stelco's prior nonproduction, opportunity notwithstanding, of its June 24, 1996 formal refund claim. On the contrary, because such document is unhelpful to Stelco's cause, its belated production confirms the adverse inference the court had drawn from said nonproduction. Op. at 107 n. 14. Thus, we decline to reconsider our holding that Stelco has failed to carry its burden of proving that it made a timely administrative claim for refund, either formal or informal, for the taxable year 1992. Op. at 107, 113–15. Consequently, the court's judgment dated September 29, 1998, dismissing Stelco's refund claim for the taxable year 1992, with prejudice, for lack of subject matter jurisdiction, shall stand.

## CONCLUSION

Given all of the foregoing, we hold that Stelco has failed to point to a manifest error

---

**3.** For the sake of completeness, we note Stelco's attempt to fabricate an error of law from an out-of-context fragment of a sentence in our opinion dated September 29, 1998. The alleged error arises, in Stelco's words, because "[t]his Court states at pages 114–15 of the Opinion that it would be constrained to hold that Agent Detweiler rejected a potential informal claim" for the taxable year 1992. Pl.Mt.Rec. at 3. In its entirety, however, the cited sentence reads as follows:

> Thus, *even assuming that the court were to hold, which we do not,* that the probative documentary record in this case establishes that the Service was given adequate notice of a poten-

of law or mistake of fact in the court's opinion and judgment dated September 29, 1998. Accordingly, Stelco's motion for reconsideration filed on October 13, 1998 is hereby DENIED.

IT IS SO ORDERED.

tial informal refund claim for the taxable year 1992, we would also be constrained to hold that the Service rejected such informal claim not later than April 6, 1994, the date of Agent Detweiler's examination report.

Op. at 115 (emphasis added). It is plain to see that the above statement, fairly construed, is postured as an alternative rationale for the holding, insofar as it addresses Agent Detweiler's *hypothetical* rejection of a *hypothetical* informal refund claim. Thus, Stelco's objections thereto fail to diminish the court's principal holding that the Commissioner was, *in fact,* never given *timely* and adequate notice of a refund claim for the taxable year 1992.