**HI–SHEAR TECHNOLOGY CORPORATION,**
Plaintiff,

v.

**UNITED STATES, Defendant.**

No. 98–712C.

United States Court of Federal Claims.

Feb. 27, 2003.

Peter B. Jones, Jones & Donovan, Newport Beach, CA, for the plaintiff.

Michael D. Austin, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., Donald E. Kinner, Assistant Director, and David M. Cohen, Director, for the defendant. Major Samuel Morris, United States Army Legal Services Agency, Arlington, VA, of counsel.

## ORDER

HORN, Judge.

The court is in receipt of plaintiff's "Motion for Reconsideration and Amendment" of the court's August 29, 2002 opinion, awarding plaintiff $17,793.56 in damages. Following receipt of plaintiff's motion, the court ordered the plaintiff, Hi–Shear Technology Corporation (Hi–Shear), to file an additional brief specifically on recovery of damages based on the defendant's decision not to exercise two option years, and the defendant was ordered to respond to plaintiff's motion and additional brief.

## FACTS

This case involves two requirements contracts, each with four option years. In April and July 1994, the United States Army Communications & Electronics Command (CECOM) issued an invitation for bids based on an estimated need for parts to support AN/TTC/TYC–39 Circuit Switches, which provide automatic switching for the Tri–Service Tactical Communications System. The plaintiff, Hi–Shear, bid on the contracts and the Army awarded the two contracts to Hi–Shear for an estimated quantity of parts. Both contracts awarded to the plaintiff were for one base year, with four option years. The government exercised its option to extend both contracts twice, but did not extend either contract for the third or fourth year, and only issued one order, in total, under one of the contracts for a total price of $153,300.00.

In May 1997, the plaintiff filed two certified claims with the contracting officer alleging that the government had breached its contract by negligently estimating its requirements and ordering significantly fewer parts than estimated. The contracting officer denied both of Hi–Shear's claims stating that the government was not negligent because intervening events, including reduced funding, had substantially reduced the amount of parts needed by CECOM. Thereafter, the plaintiff filed suit in this court asserting that the government had negligently estimated the contract requirements and had not accounted for all reasonably available information concerning likely orders for goods when determining its estimated contract requirements.

In its August 29, 2002 opinion, the court found the government negligent for failing to properly estimate its contract requirements. *Hi–Shear Tech. Corp. v. United States*, 53 Fed.Cl. 420, 429, 444–45 (2002). The court determined that the government had failed to properly account for its net base average monthly demand, a quantity comprised of figures including unserviceable return rates, serviceable return rates, and spare parts on hand. A correct net base average monthly demand was necessary for the government to properly estimate its contract requirements. *See id.* Because of an Army directive requiring retention of asset on hand quantity records for only two years, however, specific evidence as to the number of assets the Army had on hand when it estimated its

contract requirements were not available to assess damages. *Id.* at 438. Thus, the court constructed an estimate of what the government's requirements would have been had the government properly estimated its net base average monthly demand from the evidence presented, including trial testimony and exhibits. *Id.* The court based the plaintiff's damages award on all relevant information available to it and found for the plaintiff in the amount of $17,793.56. *Id.* at 445.

From the testimony and evidence provided, the court also found that the plaintiff would not have made a profit on the contract even if the government had not been negligent in its estimation. *Hi–Shear Tech. Corp. v. United States,* 53 Fed.Cl. at 444. The court, therefore, held that the plaintiff could not recover lost profits. *Id.* at 445. In its current motion, the plaintiff objects to the court's formulation of damages and asks the court to reconsider its opinion.

## STANDARD OF REVIEW

Plaintiff cites Rule 59 of the Rules of the United States Court of Federal Claims (RCFC) for its motion for reconsideration and asks the court to review its calculation of damages to "provide a dollar quantum more fairly reflective of Hi–Shear's damages." RCFC 59(a)(1) provides that reconsideration "may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States."

 The United States Court of Appeals for the Federal Circuit has stated that: "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir. 1990); *reh'g denied. See Citizens Fed. Bank, FSB, et al. v. United States,* 53 Fed. Cl. 793, 794 (2002) (citing *Yuba Natural Res., Inc. v. United States,* 904 F.2d at 1583). To prevail, a motion for reconsideration "must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Circle K Corp. v. United States,* 23 Cl.Ct. 659, 664–65 (1991). *See also Am-*

*mex, Inc. v. United States,* 52 Fed.Cl. 555, 557 (2002); *Stelco Holding Co. v. United States,* 42 Fed.Cl. 156, 157 (1998); *Principal Mut. Life Ins. Co. v. United States,* 29 Fed. Cl. 157, 164 (1993), *aff'd,* 50 F.3d 1021 (Fed. Cir.1995); *reh'g denied.* In order to prevail on a motion for reconsideration, the movant must show either that: (a) an intervening change in the controlling law has occurred; (b) evidence not previously available has become available; or (c) that the motion is necessary to prevent manifest injustice. *See Bishop v. United States,* 26 Cl.Ct. 281, 286 (1992); *see also Strickland v. United States,* 36 Fed.Cl. 651, 657 (1996). "A court, therefore, will *not* grant a motion for reconsideration if the movant 'merely reasserts ... arguments previously made ... all of which were carefully considered by the Court.'" *Ammex, Inc. v. United States,* 52 Fed.Cl. at 557 (quoting *Principal Mut. Life Ins. Co. v. United States,* 29 Fed.Cl. at 164) (emphasis in original). *See Frito–Lay of P.R., Inc. v. Canas,* 92 F.R.D. 384, 390 (D.P.R.1981).

## DISCUSSION

In its motion for reconsideration, the plaintiff alleges that: 1) the court's decision is incomplete because it fails to calculate what the contract prices would have been based on corrected estimated contract requirements; 2) the resolution of the issue of quantities on hand is contrary to law and to any semblance of fairness; and 3) the court's formulation of damages was contrary to the principles of commercial law. The plaintiff's assertions attack the court's use of an estimation model to determine the government's corrected contract estimate and to establish the plaintiff's damages. Indeed, the plaintiff states that "The Primary Issue Is Whether Plaintiff's Damages Should Be Calculated In Accordance With The Restatement Of Contracts Or By A 'Model' Constructed Of Suppositions," and asserts that the court's estimation is contrary to commercial law principles leading to an "absurd result." In addition, the plaintiff argues that the government's failure to exercise the final two option years of the contract is irrelevant in determining damages because the government had the right

to order the full contract quantities in three years.

While the plaintiff's disappointment with the court's decision is clear, the court finds that the plaintiff does not point to any manifest error of law or mistake of fact, and that each of the plaintiff's assertions in its motion to reconsider were raised and carefully considered by the court before issuing its original opinion. The court, therefore, denies the plaintiff's motion for reconsideration.

In its August 29, 2002 opinion, the court found that the government had been negligent in its estimations. Because more definite numbers were not available, the court attempted to compute damages to a reasonable degree of certainty using an estimation model based on the evidence in the record. *See Hi–Shear Tech. Corp. v. United States,* 53 Fed.Cl. at 438. As the court noted in its original opinion, " '[t]he ascertainment of damages, or of an equitable adjustment, is not an exact science, and where responsibility for damage *is* clear, it is not essential that the amount thereof be ascertainable with absolute exactness or mathematical precision' " in order to award damages. *Id.* at 437 (quoting *Elec. & Missile Facilities, Inc. v. United States,* 189 Ct.Cl. 237, 257, 416 F.2d 1345, 1358 (1969)) (emphasis in original). " 'It is enough if the evidence adduced is sufficient to enable a court or jury to make a fair and reasonable approximation.' " *Elec. & Missile Facilities, Inc. v. United States,* 189 Ct.Cl. at 237, 416 F.2d at 1348 (citing *Specialty Assembling & Packing Co. v. United States,* 174 Ct.Cl. 153, 184, 355 F.2d 554, 572 (1966); *WRB Corp. v. United States,* 183 Ct.Cl. 409, 425, 1968 WL 9146 (1968)). In this case, the court used an estimation model as a reasonable basis for calculating the plaintiff's damages. *See Miller Elevator Co., Inc. v. United States,* 30 Fed.Cl. 662, 702 (1994) (noting, however, that " 'leniency as to the actual mechanics of computation does not relieve a contractor of its basic and essential burden of establishing the fundamental facts of liability, causation, and resultant injury.' ") (quoting *G.M. Shupe, Inc. v. United States,* 5 Cl.Ct. 662, 737 (1984)).

The plaintiff claims that the court's estimated construction of damages was contrary to commercial law and asserts that the court should have determined damages in accordance with the *Restatement (Second) of Contracts* (Restatement). Plaintiff attempts to rely on the principles of commercial law cited in the United States Supreme Court's decision in *Mobil Oil Exploration & Producing Southeast, Inc. v. United States,* 530 U.S. 604, 120 S.Ct. 2423, 147 L.Ed.2d 528 (2000), decided after this case went to trial, and set forth in the Restatement of Contracts, to assert its entitlement to the full gross profit it would have made from the contract.

In *Mobil,* the Supreme Court considered whether oil companies, which had paid the government $165 million for leases, were entitled to restitution upon the repudiation of the leases by the United States. The Court wrote that when the United States enters contracts, its rights and duties are governed by the laws applicable to private parties. *See Mobil Oil Explor. & Prod. S.E., Inc. v. United States,* 530 U.S. at 607–08, 120 S.Ct. 2423. The Supreme Court stated that the Restatement reflects "many of the principles of contract law that are applicable to this action." *Id.* Although *Mobil* primarily addresses restitution damages based on contract repudiation, versus expectation damages, nothing in the *Mobil* decision rejects this court's ability to determine damages through an estimated model when other sources of information are unavailable.

The plaintiff asks the court to award the expectation damages it allegedly incurred as a result of alleged lost profits on the two contracts. In citing to the Restatement, the plaintiff quotes § 347, which states in its comment that: "Where the injured party's expected advantage consists largely or exclusively of the realization of profit, it may be possible to express this loss in value in terms of money with some assurance." *Restatement (Second) of Contacts* § 347 cmt. b (1981). Although not identified by the plaintiff, the next sentence in § 347 of the Restatement states "[i]n other situations, however, this is not possible and compensation for lost value may be precluded by the limitation of certainty." *Restatement (Second) of Contacts* § 347 cmt. b.

■ The court addressed the issue of the plaintiff's profits in its original opinion and determined that the plaintiff was not entitled to any lost profits. *Hi–Shear Tech. Corp. v. United States,* 53 Fed.Cl. at 444. In order to recover lost profits, a contractor must establish by a preponderance of the evidence that it would have earned a profit on the contract but for the government's breach, and " 'there is some basis on which a reasonable estimate of the amount of the profit can be made.' " *Rumsfeld v. Applied Cos.,* 318 F.3d 1317, 1324–25 (Fed.Cir.2002) (quoting *Cal. Fed. Bank v. United States,* 245 F.3d 1342, 1349 (Fed.Cir.2001), *cert. denied,* 534 U.S. 1113, 122 S.Ct. 920, 151 L.Ed.2d 884 (2002)) (In other words, regardless of the government's negligence, a plaintiff must show profits in order to recover damages). *See Neely v. United States,* 152 Ct.Cl. 137, 146, 285 F.2d 438, 443 (1961).

■ As discussed in the court's original opinion, during the trial, the plaintiff's own Chief Executive Officer testified that the costs incurred by the plaintiff in producing the parts requested in the contract exceeded the bid prices and that he assumed all the engineering costs would have been capitalized and amortized over the five years of contracts, which plaintiff argues it was entitled. As is discussed below and as discussed in the court's original opinion, however, the plaintiff has no claim to profits from the options years. The Defense Contract Auditing Agency's report on the plaintiff's contract with the government also found that the plaintiff would not have earned any profit on the contracts. Therefore, the court did not award the plaintiff any lost profits. In its current motion, the plaintiff presents no new facts, theories or analysis on lost profits. The issue was previously considered and the plaintiff's motion for reconsideration on the issue of profits is denied.

■ Regarding the plaintiff's argument relying on the Restatement of Contracts, while the plaintiff properly quotes the comment to § 347 of the Restatement, plaintiff fails to address the limiting sections the Restatement lists and applies to § 347, specifically §§ 350–53. The *Restatement (Second) of Contracts* § 352 states that "Damages are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty." Since damages must be based on what the government would have estimated its contract requirements to be if it had not been negligent, and relevant records were not available, the court attempted to ascertain with reasonable certainty the plaintiff's recovery under this rule. *See In re Fairfax Opportunities Unltd.,* A.G.B.C.A. No. 96–178–1, 98–1 B.C.A. (CCH) ¶ 29,556, 146,526, 1998 WL 40057 (1998) (stating that a court must estimate damages on what the government's requirement would have been had it not been negligent). Although *In re Fairfax Opportunities Unltd.* is not precedent for this court, it provides good guidance for this court in somewhat unchartered territory.

As noted in the court's original opinion, the complexity and absence of information in some contract cases precludes the computation of damages to exact amounts. *Hi–Shear Tech. Corp. v. United States,* 53 Fed. Cl. at 437. In this case, since the plaintiff was not able to produce the numbers required to ascertain with exact certainty what the government requirements would have been and the government records had been legitimately destroyed and were unavailable, the court used an estimation model to reconstruct the government's contract requirements and to estimate the plaintiff's damages. As discussed above, despite plaintiff's assertions based on *Mobil,* the Supreme Court addressed the Restatement sections pertaining to restitution, not expectation damages. *See Mobil Oil Explor. & Prod. S.E., Inc. v. United States,* 530 U.S. at 607, 630, 120 S.Ct. 2423. Although the Supreme Court stated in *Mobil* that the Restatement and commercial law have relevance for government contracts, it does not directly address how to assess damages when the best evidence is unavailable. Nothing in the Supreme Court's *Mobil* decision rejects this court's ability to award damages based on a reasonably certain estimate based on all available evidence. *Id.* The alternative might be to make it impossible to award any damages. Indeed, the principles of commercial law and the Re-

statement allow lost profits to be reasonably predicted based on testimony and evidence. *See Restatement (Second) of Contracts* § 352 cmt. a (stating that "[d]amages need not be calculable with mathematical accuracy and are often at best approximate."). Therefore, the plaintiff's reliance on *Mobil* is misplaced, in that the Supreme Court's *Mobil* decision does not represent an intervening change in controlling law.

Finally, the plaintiff requests damages for the full five year period, including the third and fourth option years, regardless of the fact that the government only exercised the option to extend each contract twice. The plaintiff contends that since the government could have purchased all its requirements in three years, the fact that it did not exercise the final two option years is irrelevant. The plaintiff's argument is contrary to established law and this issue also was considered by the court in its original opinion. *See Hi–Shear Tech. Corp. v. United States,* 53 Fed.Cl. at 436.

■ The unique function of an option contract is that it obligates the option giver, not the option holder. It does not create a legal obligation on the part of the government to exercise the option. *See Gov't Sys. Advisors, Inc. v. United States,* 847 F.2d 811, 813 (Fed.Cir.1988); *Dynamics Corp. of Am. v. United States,* 182 Ct.Cl. 62, 74, 389 F.2d 424, 431 (1968). Established law is clear that "[t]he government's failure to exercise an option in a contract does not normally give rise to a breach of contract action." *See Optimal Data Corp. v. United States,* 17 Cl.Ct. 723, 731 (1989), *aff'd,* 904 F.2d 45, 1990 WL 59446 (Fed.Cir.1990). "[T]he exercise of the contract's options rest[s] within the sole discretion of the [government], and its decision not to exercise those options does not breach the contract." *Fields v. United States,* 53 Fed.Cl. 412, 419 (2002). Stated otherwise, "because the decision to buy rests within the buyers' discretion, the existence of an option does not require the buyer to exercise that option." *Id. See Gov't Sys. Advisors, Inc. v. United States,* 847 F.2d at 813 (recognizing "the government's freedom to decline the exercise of its option.").

■ In this case, the plaintiff entered into option contracts with the United States government. The contracts permitted the government to extend the one year base periods up to four times. The plaintiff, therefore, was on notice that the government may or may not exercise any of the option years. The government chose not to exercise its last two option years on either contract, and nothing in the law required the government to do so. Because the discretion to exercise an option remains in the hands of the option holder, in this case the government, the plaintiff cannot recover for any lost profits on the unexercised option years.

## CONCLUSION

To the extent the plaintiff asserts that the court erred in determining damages based on estimates, the court reiterates that it appropriately established the plaintiff's damages to a reasonable degree of certainty in the absence of available, actual numerical values for parts on hand and unserviceable return rates. To the extent the plaintiff requests profits it would have made on the last two unexercised option years, the court finds plaintiff's reargument similarly unpersuasive. Both of these issues were raised and dealt with extensively in the court's original opinion. Because the plaintiff has not produced any newly discovered evidence, has not raised previously unconsidered arguments, and has not demonstrated a manifest error of law or fact, the plaintiff's motion to alter, or amend, the court's August 29, 2002 opinion is **DENIED.**

**IT IS SO ORDERED.**